FEDERAL RUBBER MANUFACTURING COMPANY, Appellant,. vs. HAVOLIC and another, Respondents.

*January 14—February 1, 1916.*

*Workmen's compensation: When compensation allowed: Injury from. horse-play: "Service growing out of and incidental to his employ- ment."*

1. To be within the Workmen's Compensation Act an injury to an employee must appear to have had its origin in a risk connected with the employment and to have flowed from that source as a. rational consequence.
2. The claimant, an employee in a rubber tire factory whose duties did not require him to use or come in contact with the com- pressed air system, and who knew that its use by employees to clean their clothes was forbidden, on quitting work for the day took down the air hose and began to blow the dust from his clothes. A fellow-workman, taking the hose from his hands, proceeded to clean his (the claimant's) back, and as a joke held the nozzle to his rectum and thereby ruptured his in- testines. *Held*, that the injury was not one incidental to the employment, nor was the claimant at the time "performing serv- ice growing out of and incidental to his employment," within the meaning of sub. (2), sec. 2394—3, Stats. 1915.
[3. There being proof that, although it was formally prohibited, em- ployees were accustomed to use the hose to brush their clothes. without rebuke from the foreman, no opinion is expressed as to what the rights of the claimant would have been had he hurt himself while he was handling the hose for that purpose.]

APPEAL from a judgment of the circuit court for Dane county: E. RAY STEVENS, Circuit Judge.  *Reversed.*

This is an appeal from a judgment confirming an award of the *Industrial Commission* in favor of the respondent. *Havolic* under the Workmen's Compensation Act (secs. 2394—1 to 2394—31, Stats. 1915).

The essential facts are not disputed. *Havolic* worked for the plaintiff in its rubber tire factory, his duties being to feed stock into a tubing machine. In the department in which he worked there was a compressed air system with hose

and nozzles attached for use in some of the factory opera-
tions, but *Havolic* had no duty which required him either to
use or come in contact with the system or the hose.   Employ-
ees were forbidden to use the hose for the purpose of clean-
ing their clothes and *Havolic* knew of the prohibition, but
many. employees did do so, and on the evening of the accident
*Havolic,* on quitting work, took down the hose from its place
and began to use it to blow the dust from his clothing.   He
had cleaned a part of his clothing when a fellow-workman
came up and (whether of his own motion or at *Havolic's* re-
quest is a matter in dispute) took the hose from *Havolic's*
hand and proceeded to clean his (*Havolic's*) back.   The air
in the hose was at a pressure of nearly or quite eighty pounds,
and the fellow-workman, apparently by way of practical
joke, held the nozzle to *Havolic's* rectum, with the result
that the intestines were ruptured.   *Havolic* was compelled
to go to the hospital for several weeks and was totally dis-
abled for seventeen weeks.   For these injuries the award
complained of was made.

For the appellant there was a brief by *Robert R. Freeman*
and *Henry J. Bendinger,* and oral argument by *Mr. Ben-
dinger.*

For the respondent *Industrial Commission* there was a
brief by the *Attorney General* and *Winfield W. Gilman,* as-
sistant attorney general, and oral argument by *Mr. Gilman.*

WINSLOW, C. J.   This court has endeavored to give to the
Workmen's Compensation Act a broad and enlightened con-
struction, to the end that it may accomplish to the fullest ex-
tent its beneficent purpose.   It is to be remembered, how-
ever, that this purpose was to compensate for injuries result-
ing from one class of accidents only, namely, industrial acci-
dents.   There is liability only "where, at the time of the ac-
cident, the employee is performing service growing out of and
incidental to his employment."   Sub. (2), sec. 2394—3,

Stats. 1915. It was held in *Hoenig v. Industrial Comm.*
159 Wis. 646, 150 N. W. 996, after full argument and consideration, that the injuries covered by the act are such as
"are incidental to and grow out of the employment." This
seems practically to mean the same thing as the expression in
the English compensation act "arising out of and in the
course of the employment."

Under the English act it has been held that accidents resulting from "larking" or playing with machinery cannot be
held to arise out of the employment. *Furniss v. Gartside,*
3 Butterworth's Workm. C. C. 411; *Cole v. Evans,* 4 id. 138.

The Massachusetts act provides compensation for an injury
which arises "out of" the employment, and it was well said by
the Massachusetts supreme court in *McNicol's Case,* 215 Mass.
497, 102 N. E. 697:

"The causative danger must be peculiar to the work and not
common to the neighborhood. It must be incidental to the
character of the business and not independent of the relation
of master and servant. It need not have been foreseen or expected, but after the event it must appear to have had its origin in a risk connected with the employment, and to have
flowed from that source as a rational consequence."

The "causative danger" in the present case does not come
within the test here prescribed nor anywhere near it.

Had the claimant hurt himself in some way while he was
handling the hose in the effort to remove the dust from his
clothes a different question would have been presented. There
was proof that employees were accustomed to brush their
clothes in this manner without rebuke from the foreman,
though there was a formal prohibition of such action, and we
express no opinion as to the rights of the parties had the accident happened in this way. But how injuries resulting from
such inexcusable and revolting horse-play as this can be said
to be incidental to the employment we are unable to understand. It is equally impossible to understand how it can be

said that the claimant at the time of the accident was performing service "growing out of and incidental to his employment."

*By the Court.*—Judgment reversed without costs, and action remanded with directions to reverse the award of the *Industrial Commission.*