Brienen, Appellant, vs. Wisconsin Public Service Company, Respondent.

*May 17—June 12, 1917.*

*Master and servant: Injury to servant while off duty: Who are fellow-servants: Workmen's compensation: Service growing out of and incidental to employment.*

1. An employee through whose negligence in the performance of his duty another person is injured is not a fellow-servant of such injured person unless the latter was, at the time of the accident, performing service growing out of and incidental to his employment by the same master.
2. The act of an employee relating solely to his own private affairs, done while off duty and while he is neither going to nor coming from his work nor making any preparation therefor, is not service growing out of and incidental to his employment, though at the time it is performed he is subject to a call for duty and though done upon the employer's premises under the sanction of a custom.

Appeal from a judgment of the circuit court for Marinette county: W. B. Quinlan, Circuit Judge. *Reversed.*

Action to recover damages for personal injuries. Plaintiff, the employee, and defendant, the employer, were both under the Workmen's Compensation Act. Defendant oper-

ated an electric power plant at High Falls and plaintiff was engaged in tending the generators. At the time of his injury he began work at 12 o'clock noon and worked till 12 o'clock midnight. About 10 o'clock in the forenoon of August 7, 1915, and while off duty from his regular shift, he went to a portion of defendant's premises where there was a hotel or boarding house run by defendant through one Hare who was in its employ. Hare was soldering a gasoline tank when plaintiff came to give him a check to cash at Ellis Junction and to purchase a money order with the proceeds to be mailed to Chicago for groceries for plaintiff and his family. While plaintiff was transacting his business with Hare the tank exploded and plaintiff was injured. The case was tried to a court and jury, and the latter found (1) that plaintiff was injured through the negligence of the defendant; (2) that such negligence was the proximate cause of his injuries; (3) that he was free from contributory negligence; and (4) that he sustained damages in the sum of $1,039.

The court found that at the time of the accident the plaintiff was performing service growing out of and incidental to his employment within the meaning of sub. (2), sec. 2394—3, Stats. 1915, and it further found that if plaintiff was not performing such service then he was injured by the negligence of a fellow-servant. Judgment was entered for defendant dismissing the complaint upon the merits, and the plaintiff appealed.

For the appellant there was a brief by *Kaftan & Reynolds* of Green Bay, and oral argument by *Robert A. Kaftan.*

For the respondent there was a brief by *Greene, Fairchild, North, Parker & McGillan* of Green Bay, and oral argument by *James H. McGillan.*

VINJE, J. It is clear that if plaintiff at the time of his injury was not performing any service growing out of or incidental to his employment by the defendant, he could have no fellow-servant, for he was employed by no one else. To

constitute two employees fellow-servants they must have a common employer. Hare was performing service growing out of and incidental to his employment by the defendant at the time of plaintiff's injury. To make plaintiff his fellow-servant he must have been engaged in like service. If he was, he came under the provisions of the Workmen's Compensation Act and the question of the negligence of fellow-servants becomes immaterial. If he was not, he had no fellow-servant. So in either case the finding of the court to the contrary, and the seven pages of argument of counsel for respondent upon the doctrine of fellow-servants, go for naught. Hence, the only question left for consideration is whether plaintiff at the time of his injury was engaged in service growing out of and incidental to his employment. It appears from the evidence, without any conflict therein, that plaintiff was engaged to tend the generators; that his hours of work were for one week from 12 o'clock at night to 12 o'clock at noon, and for one week from 12 o'clock at noon to 12 o'clock at night. Another man alternated with him in tending the generators. The plant was located in the woods, fourteen miles from the nearest postoffice and railroad station. The postoffice was called Crivitz and the railroad station Ellis Junction. Plaintiff and his family occupied a house owned by the defendant, and was by it given a plot of ground for a garden and was allowed to gather firewood from certain premises belonging to defendant. At the hotel run by Hare was a mail box, and it was the custom of all the employees to mail their letters there and have them taken by Hare to the postoffice, who ran a car in the summer time and drove a team in the winter. Hare was accustomed to do errands for all the employees, bring them mail, groceries, and to attend to any commissions they might have at the station. The furnishing of the house, garden, firewood, and privilege of having Hare attend to commissions for him all constituted a part of plaintiff's compensation for his services to the defendant.

It further appears that plaintiff was expected to remain upon or near the premises of the defendant at all times, so that if anything happened to the other attendant upon the generators during his shift plaintiff would be within call and take charge of them.

The argument for defendant is in substance this: That since the privileges mentioned were accorded plaintiff and since he was at all times required to be within call and subject to duty, he was, when availing himself of those privileges, performing services growing out of and incidental to his employment. He was doing that which his contract of employment permitted him to do and hence he was performing service thereunder. The argument is ingenious and not without some merit, but we think its adoption would lead to absurd results and would extend the field of employment beyond the statutory limit. True, the statute must be liberally construed in favor of including all service that can in any sense be said to reasonably come within it. But to include the acts of an employee when off duty and when attending to business pertaining strictly to his own private affairs, such as buying groceries for his family, would be to enlarge the meaning of the statutory words beyond their reasonable import, and to constitute every act of an employee subject to a call for duty an act within the scope of his employment though performed in a matter purely personal to himself. An act, in order to constitute service growing out of and incidental to his employment, must have some connection with the employer's work which the employee was engaged or permitted to perform. The act in question does not have any such connection. It was performed while plaintiff was off duty, and related solely to his own personal affairs. The employer was in no wise concerned therein except that it gave the privilege of sending the check and letter through its employee, Hare. In so far as the employer was concerned, if it had any relation to the contract of hire it amounted to a

part of the compensation the plaintiff received for his work as generator attendant. That forenoon plaintiff was free to come and go as he pleased so long as he remained within call. He was subject to no one's orders. He was working for himself and not for his employer. Had he hoed his garden and received an injury therefrom it could be held to be within the scope of his employment as much as the act of buying groceries for his family.

The facts in the instant case are so unique that it is not helpful to cite or consider cases holding certain service to be within or without the act. Hence we must dispose of it as one of first impression. Our conclusion is that the act of an employee relating solely to his own private affairs, done while off duty and while he is neither going to nor coming from his work nor making any preparation therefor, is not service growing out of and incidental to his employment, though at the time it is performed he is subject to a call for duty and though done upon the employer's premises under the sanction of a custom.

*By the Court.*—Judgment reversed, and cause remanded with instructions to enter judgment for plaintiff upon the verdict.