HOLT LUMBER COMPANY and another, Respondents, vs.
    INDUSTRIAL COMMISSION OF WISCONSIN and another,
    Appellants.

*December 3, 1918—January 7, 1919.*

*Workmen's compensation: Employee required to sleep on premises:
    Performing service growing out of and incidental to his em-
    ployment.*

1. When the contract of employment contemplates that the em-
    ployee shall sleep upon the premises of the employer, the em-
    ployee is considered to be performing service growing out of
    and incidental to such employment during the time he is on
    said premises.
2. Thus, where a person continuously employed in the woods by
    a lumber company, under its care and protection at night as
    well as during the day, and required to sleep in its camp, was
    injured while in his bunk in the evening by a straw falling
    from the bunk above and lodging in his throat, he was at the
    time performing service growing out of and incidental to his
    employment, within the meaning of sub. (2), sec. 2394—3,
    Stats.

APPEAL from a judgment of the circuit court for Dane
county: E. RAY STEVENS, Circuit Judge. *Reversed.*

The appeal is from a judgment setting aside an order of
the *Industrial Commission* awarding to appellant *Sam Be-
beau* $259.03 as compensation and expenses.

Appellant *Sam Bebeau* was in the employ of the *Holt
Lumber Company* as a sawyer at one of its camps. On the
evening of March 13, 1917, while in his bunk talking to a
fellow employee who was in an adjoining bunk, a straw fell
from the bunk above, lodged in his throat, causing infec-
tion, which resulted in disability for which compensation
was awarded.

The lower court set aside the award on the ground that
the evidence was not sufficient to support the finding to the
effect that at the time of the accident appellant was perform-
ing services growing out of and incidental to his employ-
ment.

For the appellant *Industrial Commission* there was a brief by the *Attorney General* and *Winfield W. Gilman,* assistant attorney general, and oral argument by *Mr. Gilman.*

For the respondents there was a brief by *Otjen & Otjen* of Milwaukee, and oral argument by *Henry H. Otjen.*

KERWIN, J.    The *Industrial Commission* as a basis for awarding damages to appellant *Sam Bebeau* found, among other things, that

"During the winter of 1917 the applicant was in the respondent's employ in the woods as a sawyer; he was paid $40 per month and board and lived in a camp furnished by the respondent; this camp was located several miles from any other dwelling, and all of the men employed by the respondent at this particular logging operation boarded at the respondent's camp; the men in the camp slept in bunks arranged so that one man slept above the other.

"On the evening of March 13th, after his supper, the applicant retired to his bunk, and while talking to a fellow workman in the bunk next to him a piece of straw dropped from the bunk above his and lodged in his throat; he made an effort to remove the straw, called the attention of the man in the adjoining bunk to his condition, but was unable to dislodge the straw. . . .

" . . . The facts in the case show that the employees of the respondent in this particular camp were in the employ of the respondent from the time they entered the camp until they left. They could not select their own sleeping quarters, but were compelled to sleep where the respondent instructed them to sleep. In fact there was no other place for them to sleep. The evidence shows that in order to sleep outside the camp a man would be required to travel eight miles. We think that where the employer places the workman in such circumstances that his time is never his own, where he has no discretion as to where he shall sleep and where he shall eat, that the workman must be considered in the employ of the respondent all of the time, or at least performing a service which is incidental to the employment he is engaged in. We think that the facts in this case show that this man was accidentally injured while in the respondent's

employ, and that he is entitled to the benefits of the compensation act."

The findings of the *Commission* are supported by the evidence.

It is established by the evidence that *Bebeau* was in the continuous employ of the *Holt Lumber Company* during the logging season, and under its care and protection as well during the night when off duty as during the day; it furnished the bunks where he and other men slept; the bedding furnished was very old and in poor condition, the straw sticking through the ticks; there were two men in the bunk above that in which *Bebeau* slept; the men were expected to perform some service after supper, such as grinding axes.

The only question involved is whether the court below erred in holding that the appellant *Bebeau* was not at the time of the accident performing services growing out of and incidental to his employment within the meaning of sub. (2), sec. 2394—3, Stats.

This court has held, in harmony with the decisions of other courts, that the provisions of the compensation act should be liberally construed. *Sadowski v. Thomas F. Co.* 157 Wis. 443, 146 N. W. 770; *Kiel v. Industrial Comm.* 163 Wis. 441, 158 N. W. 68; *Federal R. M. Co. v. Havolic,* 162 Wis. 341, 156 N. W. 143; *In re Ayers* (Ind. App.) 118 N. E. 386.

The court below held that *Bebeau* was not performing services growing out of and incidental to his employment and based its ruling upon the following cases in this court: *Hackley-Phelps-Bonnell Co. v. Industrial Comm.* 165 Wis. 586, 162 N. W. 921; *Brienen v. Wis. P. S. Co.* 166 Wis. 24, 163 N. W. 182; *Federal R. M. Co. v. Havolic, supra.* These cases are all distinguishable from the case at bar. In the *Hackley-Phelps-Bonnell Case* the man had fully completed his work and left the employment. In the *Brienen Case* the injured person was performing a private service for himself, which had no connection with the business of his employer.

*Federal R. M. Co. v. Havolic, supra,* as distinguished in *Newport H. C. Co. v. Industrial Comm.* 167 Wis. 630, 167 N. W. 749, is not authority against the appellants here.

In the instant case, at the time of the injury *Bebeau* was in the employ of the lumber company, under its protection, and using the things which it furnished to him for his use during the employment and as incident to such employment. Under such circumstances he was performing services growing out of and incidental to his employment within the meaning of sub. (2), sec. 2394—3, Stats. *Ewald v. C. & N. W. R. Co.* 70 Wis. 420, 36 N. W. 12, 591.

This court has held that the relation of master and servant extends beyond the hours the servant is actually required to labor and in some instances to places other than the premises where the servant is employed. *Milwaukee v. Althoff,* 156 Wis. 68, 145 N. W. 238; *Northwestern I. Co. v. Industrial Comm.* 160 Wis. 633, 152 N. W. 416.

It has also been held by this court that one eating lunch upon the premises of his employer in accordance with custom is performing services growing out of and incidental to his employment. *Racine R. Co. v. Industrial Comm.* 165 Wis. 600, 162 N. W. 664; *Milwaukee W. F. Co. v. Industrial Comm.* 159 Wis. 635, 150 N. W. 998.

The same ruling has been made in other jurisdictions. *Rowland v. Wright,* 1 Butterworth's Workm. C. C. 192; *Heldmaier v. Cobbs,* 96 Ill. App. 315; *Taylor v. George W. Bush & Sons Co.* 5 Penn. (Del.) 378, 61 Atl. 236.

In the instant case it was part of the contract of employment that *Bebeau* should sleep on the premises in the bunk furnished by the lumber company. It was in the course of his employment to remain upon the premises nights and use the bunk furnished for him. Under such circumstances he was within the course of his employment. *Foley v. Home R. Co.* 89 N. J. Law, 474, 99 Atl. 624; *Richards v. Indianapolis A. Co.* (Conn.) 102 Atl. 604; *Hackley-Phelps-Bon-*

*nell Co. v. Industrial Comm.* 165 Wis. 586, 162 N. W. 921; *Kilduff v. Boston E. Co.* 195 Mass. 307, 81 N. E. 191.

The general rule under the authorities is that, when the contract of employment contemplates that the employee shall sleep upon the premises of the employer, the employee under such circumstances is considered to be performing services growing out of and incidental to such employment during the time he is on the premises of the employer. *Rucker v. Read,* 39 N. J. L. J. 48; *Chitty v. Nelson,* 2 Butterworth's Workm. C. C. 496; *Alderidge v. Merry,* 6 Butterworth's Workm. C. C. 450; *Griffith v. Cole Bros.* (Iowa) 165 N. W. 577; *Meyers v. Mich. Cent. R. Co.* (Mich.) 165 N. W. 703; *Cokolon v. Ship Kentra,* 5 Butterworth's Workm. C. C. 658; *International & G. N. R. Co. v. Ryan,* 82 Tex. 565, 18 S. W. 219.

A great many cases in point are cited in the able brief of the attorney general, but we shall not prolong this opinion by further citation of authority. It is sufficient to say that the great weight of authority supports the position of the attorney general to the effect that at the time of the accident *Bebeau* was performing services growing out of and incidental to his employment within the meaning of the workmen's compensation act, therefore the judgment of the court below must be reversed.

*By the Court.*—The judgment of the court below is reversed, and the cause remanded with instructions to affirm the award of the *Industrial Commission,* with costs.

OWEN, J., took no part.