Radtke Bros. & Korsch Co. v. Rutzinski, 174 Wis. 212.

RADTKE BROTHERS & KORSCH COMPANY and others, Appellants, vs. RUTZINSKI and another, Respondents.

*April 8—May 3, 1921.*

*Workmen's compensation: Permit to work: Presumption as to nature of employment: Minor employee injured while doing forbidden act: Payment as acknowledgment of liability: Review of award.*

1. Where a permit authorizing the employment of a fourteen-year-old boy has been regularly issued, it is not to be presumed that the officials granting such permit neglected their duty or that they regarded the establishment of the employer or the employment as dangerous to life or limb.
2. In proceedings under the workmen's compensation act, the crucial question is whether at the time of the accident the employee was performing services growing out of and incidental to his employment; and a defendant may be held liable for compensation although he has used the utmost care, and a claimant may recover although he has been guilty of contributory negligence.
3. The compensation act must be given a broad, liberal construction to the end that its beneficent purpose should be fully carried out.

4. An employee fourteen years of age, forbidden to operate a paper-cutter in appellant's print shop, was not entitled to compensation under the compensation act for injuries received while operating such machine at a time when he was engaged in making a tablet for his own benefit and when he was not observed by any one in authority.

5. The fact that the employer paid the injured employee money during the time of temporary disability did not preclude the employer, in a proceeding under the compensation act, from making the defense that the employee at the time of the accident was not performing a service growing out of and incidental to his employment.

6. In a proceeding under the compensation act, where the facts are undisputed, a finding of the commission that the employee at the time of the accident was performing a service growing out of and incidental to his employment is not binding on the courts, the construction of the statute being a question of law.

APPEAL from a judgment of the circuit court for Dane county: E. RAY STEVENS, Circuit Judge. *Reversed.*

Action to set aside an award of the *Industrial Commission* granting compensation for injuries. From judgment sustaining the award plaintiffs appeal.

The applicant, a boy fourteen years of age at the time of the injury, had been employed for a week in appellant's printing and book-binding establishment. He had a permit to work at that age. The evidence established without dispute that his duties were to run errands and to help at other odd jobs such as helping girls fold sheets of paper and pounding books recently bound. His errands were mostly in the shop but occasionally outside. He evidently understood the scope of his duties. His instructions were to keep away from all machines and he knew that he should do so. He was never asked to do any work on a machine.

On the floor of the establishment where his duties kept him most of the time was a paper-cutting machine. The evidence differs whether his work took him very close to this machine; at any rate there was no danger from mere

proximity.    The superintendent at one time saw the boy using a hand machine for cutting pasteboard and ordered him away, warning him that he might get hurt.    On the morning of the accident the boy had watched a man operate the paper-cutting machine.    He thought he could do it him-self and wanted to make a tablet for himself to take home; so later, when he was not observed by any one in authority, he used the machine to cut the edges of his tablet.    He succeeded.    Still later he tried to use it again to finish the tablet, and this time cut off the ends of two fingers.

The *Commission* found that the injuries were sustained while in the employ of the appellant performing services growing out of and incidental to the employment, proceeding upon the theory that a boy of that age would naturally be attracted to machinery and that the employer should provide better supervision to prevent injury resulting therefrom.    Appellants' contention is that this finding is contrary to the evidence and to law and that the *Commission* consequently acted without and in excess of its powers in making the award.

The trial court sustained the award upon the theory that the boy who is impelled to momentarily leave his assigned task to satisfy his desire to see how a machine works is no more outside the scope of his employment than the adult who responds to the desire to rest, to warm himself, or to refresh himself with food.

For the appellants there were briefs by *Brown, Pradt & Genrich,* and oral argument by *L. A. Pradt, Jr.,* all of Wausau.

For the respondent *Industrial Commission* there was a brief by the *Attorney General* and *Winfield W. Gilman,* assistant attorney general, and oral argument by *Mr. Gilman.*

JONES, J.    One of the claims made by the respondents is that the boy was employed in violation of the child-labor

law.  A letter in the files shows that this matter was not overlooked by the *Commission,* although the subject is not discussed either in the decision of the *Commission* or that of the trial court.  It is conceded that there was a permit regularly issued under the statute.  It is hardly to be presumed that the officials granting such permit neglected their duty or that they regarded the establishment of appellant or the employment as dangerous to life or limb.

Although it is argued that the applicant worked near this machine, neither the *Commission* nor the trial court so found.  It is perhaps true that most of his work was on the floor on which the machine was located, but there is no claim that in performing the work assigned to him there was any danger.  The case is not at all analogous to that of *Reiten v. J. S. Stearns L. Co.* 166 Wis. 605, 165 N. W. 337, and *Westerlund v. Kettle River Co.* 137 Minn. 24, 162 N. W. 680, and other cases cited by respondents' counsel where the work to be performed was itself hazardous.  In the present case there was no danger whatever in the employment unless the claimant disobeyed instructions and interfered with machinery he was warned not to touch. Neither the *Commission* nor the trial court seemed to regard the employment as in violation of the statute and rules of the *Commission.*  The statute and regulations require many precautions before such permits can be issued.  Before they are granted the agents of the *Commission* make full investigation and take cognizance of many facts, among others the name of the employer and the nature of the employment. We do not consider the claim that the employment was unlawful well taken.

A question of greater difficulty is this:  Did the accident happen while the claimant was performing services growing out of and incidental to the employment?  In their able brief attorneys for respondents frankly say: "In these proceedings under the compensation act it is wholly immaterial

whether either. the employer or the servant was guilty of negligence," and yet most of the cases cited by them are common-law actions where negligence and contributory negligence were the issues tried. It must be borne in mind that the issue in this case is not one of negligence or contributory negligence. Under the act a defendant may .be mulct in damages although he has used the utmost care. A claimant may recover although he has been clearly guilty of contributory negligence. The crucial question in this case is whether at the time of the accident the employee was "performing service growing out of and incidental to his employment."

In determining this question we fully recognize that the act must be given a broad, liberal construction to the end that its beneficent purpose should be fully carried out. Although there was vigorous opposition to the statute before its enactment, it has been so well administered by the *Commission* that it now meets with general approval. This court has not applied technical rules in determining whether in given cases the accident was incidental to the employment Awards have been approved where the injury happened while claimants were going to or. returning from their work. *Milwaukee v. Althoff,* 156 Wis. 68, 145 N. W. 238. A claimant was allowed to recover while temporarily resting and warming himself in the intervals between the coming of cars (*Northwestern Iron Co. v. Industrial Comm.* 160 Wis. 633, 152 N. W. 416), and when sleeping on the premises of the owner when no other. place to sleep was furnished (*Holt L. Co. v. Industrial Comm.* 168 Wis. 381, 170 N. W. 366), and where the employee during the lunch hour accidentally fell into a river while going to a toilet which was for use of employees (*Milwaukee Western F. Co. v. Industrial Comm.* 159 Wis. 635, 150 N. W. 998). Numerous other decisions of this court might be cited showing a liberal construction of the act.

But we have found no reported case in this state or any

Radtke Bros. & Korsch Co. v. Rutzinski, 174 Wis. 212.

other where it has been held that an employee may recover under compensation acts for an injury received while doing work entirely different from that assigned him, against orders, and for his own benefit. Lack of precedent would not necessarily prevent us from approving the award in this case; but it is very significant that in the numberless cases which have arisen where this or similar statutes have been construed there is so little authority for the position taken by respondents' counsel. In this state there have been several decisions illustrating that the statute should not be construed to cover accidents occurring outside the employment. *Brienen v. Wis. P. S. Co.* 166 Wis. 24, 163 N. W. 182; *Federal R. M. Co. v. Havolic,* 162 Wis. 341, 156 N. W. 143; *Hornburg v. Morris,* 163 Wis. 31, 157 N. W. 556; *Hoenig v. Industrial Comm.* 159 Wis. 646, 150 N. W. 996; *Ellingson L. Co. v. Industrial Comm.* 168 Wis. 227, 169 N. W. 568; *Foster-Latimer L. Co. v. Industrial Comm.* 167 Wis. 337, 339, 167 N. W. 453.

The language of the English statute on this subject is quite similar to our own. *Federal R. M. Co. v. Havolic,* 162 Wis. 341, 156 N. W. 143. Although the decisions under the English statute are not binding upon us they are persuasive, and they are clear that where a claimant, whether minor or adult, does acts different in kind from what he is expected or required to do, which are forbidden and outside the range of his service, he cannot recover. See cases cited in L. R. A. 1916A, 55.

The following are some of the cases holding the same general rule: *Eugene Dietzen Co. v. Industrial Board,* 279 Ill. 11, 116 N. E. 684, and cases cited; *Reimers v. Proctor Pub. Co.* 85 N. J. Law, 441, 89 Atl. 931; *Carnahan v. Mailometer Co.* 201 Mich. 153, 167 N. W. 9; *State ex rel. Miller v. District Court,* 138 Minn. 326, 164 N. W. 1012; *Payne v. Industrial Comm.* (Ill.) 129 N. E. 122; Harper, Workm. Comp. § 43, and cases cited.

It is strongly urged upon us that boys of this age from

natural curiosity are apt to intermeddle with machinery and that there should be the most careful supervision to prevent accidents where they are engaged to render service wherever machinery is used. It does not appear in this case that the claimant was led by curiosity to operate the machine, but that after full warning of the danger he undertook to use it to do work for his own benefit. Although, as already indicated, the statute should be liberally construed, it should not be so interpreted as to make employers absolute insurers against all accidents happening to employees, even though they are minors. It is the legislative policy that minors over fourteen years of age may be employed in industrial work under the very careful restrictions imposed by the statute. It may fairly be inferred that this policy was adopted because it was deemed better, under the conditions imposed, for boys over fourteen not interested in higher education or not able to attend school to do moderate work than to live in the idleness which leads to immorality and pauperism. We do not conceive it to be our duty to construe the statute so broadly that no employer would feel safe in employing minors over fourteen years of age. Such a course would be detrimental both to employers and to the working class for whose benefit the statute was in large degree enacted.

Respondents' counsel refer to the case of *Stoughton Wagon Co. v. Mathison,* decided by the *Industrial Commission* in 1914 and affirmed by the circuit court, and argue that since there have been several sessions of the legislature and revisions of the compensation act it must be presumed that the legislature has adopted the construction placed upon the act in those decisions. That case is distinguishable in several respects; among others it did not appear that the boy had been warned or forbidden to meddle with the machine; he was not doing prohibited work for his own benefit. Moreover, we do not adopt the view that the rule of legis-

lative construction applies.    The *Industrial Commission* renders decisions in many hundreds of compensation cases every year.    The decisions of the circuit court are not printed.    The only case cited by respondents to this point is *Estate of Weck,* 169 Wis. 316, 172 N. W. 732.    In that case a practice of procedure with a law had been taken from New York.    The construction placed upon the law by the courts of New York had been followed by the county courts and administrative officers of this state for twenty years, with the acquiescence of the legislature.    No such general knowledge of, or acquiescence in, the rules laid down in the *Stoughton Wagon Co. Case* has been shown as to lead to the conclusion that the legislature has adopted that decision as part of the law.    Moreover, if the meaning of the law is plain practical construction could not override it.    *Waldum v. Lake Superior T. & T. R. Co.* 169 Wis. 137, 170 N. W. 729.

Respondents' counsel make the argument that paying the claimant $35 during the time of his temporary disability was an acknowledgment of liability and a ratification of the act of the boy in attempting to use the machine.    Whether this was in payment for services or an act of kindness, we do not consider that the appellants should be thereby precluded from making their defense.

Respondents' counsel argue that the question involved is one of fact and that the finding of the *Commission* is conclusive.    The facts are practically undisputed, and the construction of the statute is a question of law on which the decision of the *Commission* is not binding upon us.    It is our holding that on the undisputed facts the employee was not performing service growing out of or incidental to his employment.

*By the Court.*—Judgment reversed, and cause remanded with instructions to set aside the award.    No costs to be taxed.