Town of Wonewoc, Appellant, vs. Industrial Commission of Wisconsin and another, Respondents.

*October 14—November 8, 1922.*

*Workmen's compensation: Municipal corporations: Who are employees: Incompatible offices: Supervisor of town: Supervisor of highways: Findings of industrial commission on undisputed testimony: Effect.*

1. One who while occupying one office accepts another incompatible with the first *ipso facto* vacates the first office; but this rule is subject to the exception that, where the law provides that the person shall continue to hold his office until his successor is chosen and qualified, he will not cease to be an officer by merely resigning so as to be relieved from the discharge of his duties as such officer.

2. Where the testimony on the question whether one is an "employee" within the meaning of the workmen's compensation act is undisputed, the finding of the industrial commission is one of law and not conclusive.

3. The work of a superintendent of highways is not inconsistent with the duties of town supervisor holding office, according to sec. 811, Stats. 1915, until his successor is elected; and where a town supervisor assumes to act as superintendent of highways without the written appointment required by sec. 1229, he does not thereby vacate his office and become an "employee" of the town within the meaning of the workmen's compensation act, but continues to be an officer excepted from those "in the service of" municipalities (sub. (1), sec. 2394—7, Stats.).

APPEAL from a judgment of the circuit court for Dane county: E. Ray Stevens, Circuit Judge. *Reversed.*

Wonewoc v. Industrial Comm. 178 Wis. 656.

The circuit court affirmed an award of the *Industrial Commission* ordering the town board of *Wonewoc* to pay to claimant $1,805.13 as benefits and expenses on account of the death of her husband while engaged in road work for the town.

There is no dispute as to the circumstances surrounding the death. Deceased was kicked by a horse as he was hitching a team to a road grader, and died the next day. There is no dispute as to the amount of compensation if any is due.

The deceased, Rudolph Preuss, was elected a supervisor of the town of *Wonewoc* in the spring election of 1916 and was sworn into office on April 12, 1916. It is undisputed that he never resigned his office. Sometime prior to June 10, 1916, Preuss, at a meeting of the town board at which pathmasters were appointed, requested that he be given charge of road district No. 14, the one in which he lived. For several days he ran a grader and superintended the work in general. A day or so prior to his death he told the pathmaster of the adjoining district that he was going to bring the grader into that district. At the time of his injury he was preparing to do so.

Sec. 2394—7, Stats. 1915, provided in part:

"The term 'employee' as used in sections 2394—1 to 2394—31, inclusive, shall be construed to mean:

"(1) Every person in the service of the state, or of any county, city, town, village, or school district therein under any appointment, or contract of hire, express or implied, oral or written, except any official of the state, or of any county, city, town, village, or school district therein."

Sec. 1229 provided that the town supervisors should appoint a competent person to superintend the construction and repair of highways in the respective road districts. It provided further that:

"Such superintendent or superintendents shall be appointed in writing by the supervisors for a term of three years from the date of appointment, and such writing shall be filed with the town clerk."

Sec. 1223 provided in part that:

"The supervisors of the several towns shall have the care and supervision of all highways and bridges therein."

The *Industrial Commission* found that at the time of the accident Preuss was employed by the plaintiff on road work as pathmaster in the town of *Wonewoc* and made the order stated above.

For the appellant there was a brief by *Grotophorst & Quale* of Baraboo, and oral argument by *Norman Quale.*

For the respondent *Industrial Commission* there was a brief by the *Attorney General* and *Winfield W. Gilman,* assistant attorney general, and oral argument by *Mr. Gilman.*

For the respondent *Preuss* there was a brief by *Robert B. Clark* of Elroy.

JONES, J.   Counsel for respondent have made an elaborate argument that Preuss at the time of his death was acting as a superintendent of highways in his district either *de jure* or *de facto,* and was performing services for the town either as superintendent of highways or as an ordinary employee of the town.   It is further claimed that a superintendent of highways is an employee of the town and not an officer. It is conceded that in the early history of the statutes overseers of the highway were officers of the town, but it is claimed that by sec. 1238*f,* Stats., enacted in 1913, the office of superintendent of highways ceased to exist and that the statute created a "position" and not an office.

Counsel for appellant maintain that a comparison of the sections relating to road overseers with the same sections as they existed after the amendments creating superintendents of highways shows that no material change has been made so far as the duties are concerned, and that when changes have been made the authority of the superintendents has

been increased rather than diminished, and that in numerous places in the statute the term "office" has been applied to the duties of the superintendent, and lays stress on the many important duties which the statutes impose on superintendents of highways. But in view of the conclusion we have reached we do not consider that this question is necessarily involved in the present case.

It is conceded that Preuss was elected a member of the board of supervisors and that he had never resigned his office. It is claimed, however, that he had abandoned and vacated that office by assuming to act as superintendent of highways and that the duties of the two offices are incompatible. It is conceded that he was not appointed in writing by the supervisors as required by sec. 1229, and that no such writing was filed with the clerk. The evidence relied on to show his appointment was the testimony of one of the supervisors that at the town meeting Preuss had said that he would look after the roads in his district and that no one else had been appointed for that district. It appeared from the testimony that deceased had been acting as superintendent of some work in his district and that it was customary for town supervisors, as members of the board, to go out and see that the roads were kept up and bridges repaired. It also appears that at the time when the accident happened he was preparing to attend to some grading in a road district adjoining his own; that while supervisors were attending to their duties in supervising work on the roads they received $2 per day, but that superintendents of highways received $1.50 per day. Preuss was receiving the higher rate. There was little or no conflict in the testimony, and we cannot agree with the legal conclusion arrived at by the *Industrial Commission* and the trial court that the deceased was a superintendent of highways either *de jure* or *de facto*.

It is true that one who, while occupying one office, accepts

another incompatible with the first, *ipso facto* absolutely vacates the first office and his title is thereby terminated.

"This rule, however, is subject to an important exception. Where the law expressly provides that the officer shall continue to hold his office until his successor is chosen and qualified, he will not cease to be an officer by resigning, so as to be relieved from the discharge of his duties as such officer." *State ex rel. Wheeler v. Nobles,* 109 Wis. 202, 204, 85 N. W. 367.

Sec. 811, Stats. 1915, provided in part:

"Every town officer elected at an annual meeting, except as provided in section 808 and excepting justices of the peace, shall hold his office for one year, and every such officer shall hold until his successor is elected and qualified."

No successor had been elected to fill any vacancy in the office held by Preuss as supervisor and we do not consider that the work he was performing and about to perform was inconsistent with the ordinary duties of the office. The statute defining the word "employee" as applied to those in the service of municipalities is very broad; broad enough to impose heavy liabilities toward those doing work under contracts of hire, when there is taken into consideration the vast public improvements which are being made and contemplated by cities and other municipalities.

The statute in express terms excepts from those in the service of municipalities "any official of the state, or of any county, city, town, village, or school district therein." When the legislature included this exception in the workmen's compensation act it is not to be presumed that they did not appreciate its full scope and meaning. Although the statute should be liberally construed to carry out its object and purpose, it does not follow that the plain language should be disregarded.

The testimony bearing on the question whether the case comes within the meaning of the statute was without conflict, and the finding of the *Commission* was therefore one

of law and not conclusive. *Waldum v. Lake Superior T. & T. R. Co.* 169 Wis. 137, 150, 170 N. W. 729; *Radtke Bros. & Korsch Co. v. Rutzinski,* 174 Wis. 212, 183 N. W. 168.

It is our conclusion that at the time of the accident deceased was town supervisor and an officer within the meaning of the exception above stated, and that the application should be denied.

*By the Court.*—The judgment of the circuit court is reversed, and the cause is remanded with directions to enter judgment setting aside the award and directing dismissal of the application.