Davidꜱ R. Hawkins *v.* National Life & Accident Ins. Co. and the Aetna Life Ins. Co. of Hartford, Connecticut.

(*Nashville,* December Term, 1931.)

Opinion filed February 13, 1932.

J. L. McReynolds, for plaintiff in error.

W. Raymond Denny, for defendant in error.

Mr. Justice McKinney delivered the opinion of the Court.

By the petition filed herein Hawkins insists that while in the employ of the National Life and Accident Insurance Company he received an injury which arose out of and in the course of his employment. The trial court dismissed his petition, and he has appealed.

Petitioner is the District Superintendent of the National Life Company, with his office in Dyersburg. His duties required him to visit policyholders, accompanied by the local agent, Grills. On the morning of the accident petitioner was driven by Grills in his Ford car to make these visits. Petitioner was seated on the right of Grills. When they stopped at a particular house petitioner was next to the walk. They made the visit and were returning to the car when petitioner, who is a young athlete, in a sportive spirit, undertook to jump over the hood of the car, but his foot caught in some manner and he was thrown to the ground, and received the injuries for which he sues. He had been accustomed to jumping over cars in this manner and it was the first time he had been unsuccessful.

In Willis on Workmen's Compensation (12 Ed.), 22, it is stated: "It is not within the scope of employment for workmen, whether boys or men, to indulge in

horseplay, and injury thereby sustained by a workman, even though he is not a party to the 'larking,' is not an injury by accident arising either in the course of or out of the employment."

This court has so far relaxed the above rule as to permit a recovery where the injured employe took no part in the play. *Borden Mills, Inc.,* v. *McGaha,* 161 Tenn., 381.

The following statement by Chief Justice WIN-SLOW, in delivering the opinion of the court in *Federal Rubber Mfg. Co.* v. *Havolic,* 162 Wis., 341, L. R. A., 1916D, 968, 970, 156 N. W., 143, is applicable:

"This court has endeavored to give to the workmen's compensation act a broad and enlightened construction, to the end that it may accomplish to the fullest extent its beneficent purpose. It is to be remembered, however, that this purpose was to compensate for injuries resulting from one class of accidents only, namely, industrial accidents. There is liability only 'where, at the time of the accident, the employee is performing service growing out of and incidental to his employment.' Wis. Stat., 1915, sec. 2394-3, subdiv. 2. It was held in *Hoenig* v. *Industrial Commission,* 159 Wis., 646, L. R. A., 1916A, 339, 150 N. W., 996, 8 N. C. C. A., 192, after full argument and consideration, that the injuries covered by the act are such as 'are incidental to and grow out of the employment.' This seems practically to mean the same thing as the expression in the English compensation act, 'arising out of and in the course of the employment.' Under the English act it has been held that accidents resulting from 'larking' or playing with machinery cannot be held to arise out of the employment. *Furniss & Co.* v. *Gart-*

*side*, 3 B. W. C. C. 411; *Cole* v. *Evans, Son, Lescher & Webb*, 4 B. W. C. C., 138.

"The Massachusetts act provides compensation for an injury which 'arises' out of the employment, and it was well said by the Massachusetts supreme court in *Mc-Nicol's Case*, 215 Mass., 497,L. R. A., 1916A, 306, 102 N. E., 697, 4 N. C. C. A., 522: 'The causative danger must be peculiar to the work, and not common to the neighborhood. It must be incidental to the character of the business, and not independent of the relation of master and servant. It need not have been foreseen or expected, but after the event it must appear to have had its origin in a risk connected with the employment, and to have flowed from that source as a rational consequence.' ".

The act of petitioner in jumping over this car was a voluntary one on his part that was in nowise connected with or incidental to his employment, and to hold the employer liable in these circumstances would, in our opinion, violate both the letter and the spirit of the act. In leaping over the car the petitioner was departing from the usual course which was to enter the car through the door next to the sidewalk.

The principal case relied upon by petitioner is that of *Thomas* v. *Proctor & Gamble Mfg. Co.* (Kan.), 6 A. L. R., 1145, which was cited approvingly by this court in *Kingsport Silk Mills* v. *Cox*, 161 Tenn., 473. In that case, however, the employe was injured during the noon recess, while riding on a truck, a custom known and approved by her employer. This court, after referring to the case of *Thomas* v. *Proctor & Gamble*, said: "Where, at such time, an employe is injured while engaged in some forbidden act, or while in a place where she had no right to be, the rule might be different." We might also add that

where an employe departs from his work to engage in a sportive act that is in nowise connected with his employment, or incidental thereto, he cannot recover for an injury resulting from such act.

For the reasons stated, the judgment of the trial court must be affirmed.