HENRY HAERTEL SERVICE, INC., and another, Appellants, vs. INDUSTRIAL COMMISSION and others, Respondents.

*April 11—May 9, 1933.*

456

For the appellants there was a brief by *Fisher, Cashin & Reinholdt* of Stevens Point, and oral argument by *Chas. H. Cashin.*

For the respondents State of Wisconsin and Industrial Commission there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr. Levitan.*

FAIRCHILD, J.  The circuit court approved the holding of the Industrial Commission that at the time of injury Belknap was in the employ of appellant, performing service growing out of and incidental to such employment.  Is there evidence to sustain the finding that Belknap was an employee, or from the facts established does the conclusion follow that he was doing business in an independent capacity?  There is no written contract to the terms of which we can look for light upon his relation to the company.  Belknap at the time was seventy-eight years of age and during his connection with

appellant or its business was engaged in selling monuments. He was paid by commissions on orders secured by him; he traveled in his own car; paid his own expenses. Accounts in which he was interested by reason of his having made the sales and because they constituted the basis of his earnings were collected by him upon request from appellant. It is conceded that Belknap worked only when he felt like it. He was furnished a sample case, a catalogue, and blanks. The sample case was loaned to him and charged against him, to be credited on his account upon return. As deaths occurred in the territory in which Belknap worked, appellant sent clippings and suggestions to him with relation thereto.

At the time of his death, January 30, 1931, he was taking a prospective customer to see some monuments with the purpose of transacting some business with this customer. The evidence offered is consistent only with the relation of independent contractor and principal between Belknap and appellant. Belknap worked about half time. When he received an order he sent it to appellant. At times he accepted down payments on contracts which he signed as salesman. He was paid a commission of fifteen per cent. upon business done by him alone and of seven and one-half per cent. if assisted in making a sale by the supervisors of salesmen coming into his territory upon his request. If sold and not paid for, a monument would be removed and Belknap would be obliged to pay back his commission. He made no daily reports and communicated with the company only when he sent in an order. No control of the details of his work was attempted by appellant. Belknap's commissions were not included in the pay-roll audit of the company for compensation insurance.

No award under the workmen's compensation act can be made by the Industrial Commission except in cases where one rendering service to another bears the relation of employee to such other. The existence of this status becomes an issue of law when the evidence is undisputed, and the find-

ing of the Industrial Commission is not conclusive. *Wonewoc v. Industrial Comm.* 178 Wis. 656, 190 N. W. 469; *Waldum v. Lake Superior T. & T. R. Co.* 169 Wis. 137, 170 N. W. 729; *Radtke Bros. & Korsch Co. v. Rutzinski,* 174 Wis. 212, 183 N. W. 168. .

The facts disclose that appellant exercised no control over the details of the work performed and that Belknap sold monuments considerably distant from the place of business of appellant. While he and appellant co-operated, it was not under such circumstances as to give appellant the power of control over his manner of performing the details of his work. This case is similar to the case of *Badger Furniture Co. v. Industrial Comm.* 200 Wis. 127, 227 N. W. 288. In that case the salesman was selling on a strict commission basis, paying his own expenses, had no drawing account, was at liberty to sell at any time or place within a given territory, furnished his own car, made no daily reports, received letters from the Furniture Company at times directing him to see certain prospects. It was there determined from the course of conduct of the parties that the salesman was an independent contractor. In the case at bar it is clear that no actual control was exercised over Belknap, who conducted his business in practically the same manner as the salesman in the *Badger Furniture Company Case.* Belknap was free to work when and as he pleased, furnishing his own instrumentalities for doing business, covering his territory at his own discretion and in his own way. The conclusion follows that Belknap was an independent contractor. *Madix v. Hochgreve B. Co.* 154 Wis. 448, 143 N. W. 189; *Kruse v. Weigand,* 204 Wis. 195, 235 N. W. 426.

That Belknap at times obtained small advances against his earnings and carried insurance negotiated for him by appellant charged to his account does not suffice to distinguish this case from the *Badger Furniture Company Case.* The evidence shows that Belknap's business was done on the

same basis as was that of sextons of cemeteries, and others who were in position to sell monuments from time to time for appellant.

From the facts established it follows that the commission's determination that Belknap's status was that of an employee was erroneous and the confirmation thereof by the circuit court must be reversed.

*By the Court.*—Judgment reversed, with directions to set aside the award of the Industrial Commission.