CHARLES A. JENSEN, Plaintiff, Appellee, v. DIAMOND PRODUCTS COMPANY, Defendant, Appellant; LLOYD W. HARPER, Defendant, Appellee.

No. 45659.

Ogren & Clark, E. N. Farber, R. A. Rockhill, and Clem & Miller, for defendant, appellant.

Sifford & Wadden and M. M. Lothrop, for plaintiff, appellee.

Wilbur S. Williams, for defendant, appellee.

WENNERSTRUM, J.—This is an action brought under the Workmen's Compensation Law to recover compensation for personal injuries. There is no dispute but what the claimant, Charles A. Jensen, was injured during and in the course of his employment on May 29, 1939. This litigation revolves around the question as to whether or not the claimant, Jensen, was an employee of the Diamond Products Company or of Lloyd W. Harper. It is the contention of the Company that Harper was an independent contractor and that Jensen was an employee of Harper. In order to understand the status and relationship of the Diamond Products Company, Lloyd W. Harper and the claimant, Charles A. Jensen, a brief review of the facts as disclosed by the evidence will be necessary.

Lloyd W. Harper had lived at Sioux City, Iowa, for a number of years, and had been connected with the paint and janitor supply business during the greater portion of his business career. In the latter part of January 1938 he leased a small warehouse and moved his business to the new location. This change of location was prior to the time that the defendant Harper had made any arrangements with the Diamond Products Company for the handling of their goods. Harper operated his own business under the name of the Harper Paint and Jani-

tor Supplies and his son, William, was associated with him in this enterprise. This business consisted of the handling of brushes, brooms, mops, sweeping compound and miscellaneous items necessary for janitor and cleaning work. The Harpers also sold school furniture in a representative capacity. The rent on this small warehouse was $60 for the first six months and $75 thereafter.

The Diamond Products Company manufactures and distributes paints, lubricating oils and greases. Chicago, Illinois, is the main headquarters for the Company but there is also a plant in Marshalltown, Iowa. The Company formerly had a branch office in Sioux City for many years, but it was closed in 1937. M. N. Gustavson is president of the Diamond Products Company. Sometime during February 1938 negotiations were entered into between Lloyd W. Harper and M. N. Gustavson relative to the handling of merchandise of the Diamond Products Company by Harper. These men had several meetings and conferences and later concluded their arrangement. Thereafter merchandise of the Diamond Products Company was sent to the Harper warehouse in Sioux City. No written agreement was entered into between these parties. The evidence presented shows that these two persons are not in agreement on all points but there is no dispute that the stock of merchandise of the Diamond Products Company was to be kept by Harper at his warehouse building in Sioux City, Iowa. The arrangement between the parties as disclosed by the evidence may be summarized as follows:

Harper was to have the right to withdraw from this stock at 50 percent of the list or retail price whatever amount he needed to supply his own trade. Harper was to be paid $60 a week and was also to receive a 5 percent commission on all shipments into the Sioux City territory whether the merchandise was shipped direct from the Marshalltown plant or from the Sioux City stock. Harper claims that the Sioux City warehouse was to be run as a regular factory branch of the Diamond Products Company and that he was to be the manager. Gustavson denied this arrangement. Harper also claimed that during the negotiations there had been a discussion of such expense as rent, light, heat, shipping, and clerical work and that the $60 paid

to him weekly was to defray such expenses. Gustavson denies that he made any statement to the effect that the $60 which was to be paid weekly was to defray such expenses and asserts that no statement was made as to how the money was to be used.

There is apparently no dispute that the stock of merchandise of the Diamond Products Company was kept at the Sioux City warehouse from about the middle of June 1938 until the last of May or the first of June 1939 and that these goods at all times remained the property of the Diamond Products Company inasmuch as they were shipped as consignment merchandise and were so invoiced as shown by the exhibits introduced in evidence. The evidence further shows without contradiction that an accounting system was established at the warehouse in Sioux City under the direction of an employee of the Diamond Products Company from their office at Marshalltown, Iowa. The blanks, forms, bills of lading, and billings were those of the Diamond Products Company. The perpetual inventory which was a part of the accounting system was upon forms that were furnished by the Diamond Products Company. It is further shown that the sales were made in the name of the Diamond Products Company and the delivery of the goods sold was also made in the name of the Diamond Products Company. The evidence further discloses that where credit was extended the customer's rating was approved at the Company's office in Marshalltown and that collections received in Sioux City from the sale of goods were forwarded to the Marshalltown office. It is further shown that statements of balances due from customers were sent out from the Marshalltown office.

At the time the initial arrangements were made with Harper, the Diamond Products Company issued an announcement in the form of a letter in which it was stated that it had established a branch at Sioux City under the direction of Lloyd W. Harper and in this announcement and communication reference is made to "Lloyd W. Harper, district manager" in a prominent place at the top of the letter. In this same letter which was sent out over the facsimile signature of M. N. Gustavson, President, and on Diamond Products Company stationery, the first portion of the letter is as follows:

"To our Friends and Customers: We are pleased to advise

you that our Sioux City warehouse is now located at the above address and is under the direct supervision of Mr. Lloyd W. Harper.''

The evidence shows that the stationery, office supplies, and stamped envelopes were furnished by the Diamond Products Company and that the envelopes ordered through the Sioux City postoffice and used by the warehouse at Sioux City bore the return address ''Diamond Products Company, 408-10, Jennings Street, Sioux City, Iowa.'' An interoffice communication relative to these envelopes is in part as follows: ''Sioux City: Suggest that you order 500-2c envelopes from Post Office. Have them printed as per attached. You can then put on the extra 1c stamp in sending it out of Sioux City. * * *. Marshalltown.''

Exhibits in the form of compensation reports of the Diamond Products Company refer to L. W. Harper as salesman.

In connection with the defendant's presentation of its case there is offered in evidence a copy of employer's tax return under the social security law which showed in the return of L. W. Harper of the Harper Paint and Janitor Supplies that C. A. Jensen was listed as an employee. It should also be noted that the evidence discloses that Lloyd Harper, in connection with his paint and janitor supply business, engaged to a small extent in the making of some kind of soap, and it is claimed that Jensen, the claimant, assisted at times in this work. This fact is denied by Jensen.

The claimant, Jensen, testifying relative to his employment, stated in substance, that he began work at the warehouse on January 16, 1939 and worked until he was hurt on May 29, 1939; that he talked with Lloyd W. Harper about his going to work at the warehouse; that he received merchandise from the Diamond Products Company of Marshalltown, Iowa; that he kept track of the stock and if it got low he would make out an order; that he also shipped and prepared goods for shipping from the warehouse and made out bills of lading on forms furnished him; that at the time he was injured he was loading goods that were to be sent to the Diamond Products Company at Marshalltown, Iowa; that Mr. Gustavson was present in the warehouse on that morning and observed the nature of his work.

It was disclosed by the evidence that prior to May 29, 1939

some difficulties had arisen between Harper and the Diamond Products Company and apparently on this particular date goods of the Diamond Products Company were being removed from the warehouse to be taken by truck to Marshalltown. It was while a barrel of oil was being rolled from the warehouse on planks to a truck that it slipped off the planks and the claimant, Jensen, was thrown to the pavement and received an injury to the head.

Virtually the sole question before this court is whether there is sufficient evidence to sustain the findings of the Industrial Commissioner that claimant was an employee of the Diamond Products Company. The Deputy Industrial Commissioner, upon the original submission of this controversy, held that the claimant was an employee of the Diamond Products Company and not of Lloyd W. Harper. Upon review by the Industrial Commissioner the findings and holdings of the Deputy Industrial Commissioner were affirmed and on a further appeal to the district court the appeal of the Diamond Products Company was dismissed and judgment was entered against that Company. By reason of these proceedings and that judgment the Diamond Products Company has appealed to this court.

The Commissioner found that there was an agency relationship existing between Harper and the Diamond Products Company and that there was no inconsistency in Harper's claim that he represented the Diamond Products Company as its manager while at the same time and place he conducted a private business not connected with or part of his duties as manager of the Diamond Products Company. The trial court apparently made the same finding and ruling and with this conclusion we find no fault. It is quite apparent from the record as presented to us, and which is only in part noted in this opinion, that the Diamond Products Company considered Harper as the manager of its branch. As previously noted the Commissioner found that its agency relationship existed under the facts as presented.

In the recent case of Sinclair v. McDonald, 229 Iowa 1234, 1236, 296 N. W. 362, 363, this court speaking through Sager, J., said:

"* * *. We have frequently held that where the facts

are in dispute, the findings of the commissioner are final." Citing cases.

In matters relative to the legal interpretations or conclusions as to certain facts it is incumbent upon the court to decide these questions. Under all the facts and circumstances we feel justified in holding that the claimant, Jensen, had been employed by Harper, acting as a representative of the Diamond Products Company, to handle the products of that Company and that under the record he was an employee of the Diamond Products Company. Bearing upon the question that is before us, further reference is made to Sinclair v. McDonald, supra, where the rule to be followed is set out.

In Smith v. Soldiers' & Sailors' Mem. Hosp., 210 Iowa 691, 694, 231 N. W. 490, 492, Justice Wagner speaking for the court said:

"If the case were triable as an action at law, to a court and a jury, would there be a question of fact to be submitted to the jury for its determination? If the answer to this question be in the affirmative, then the determination thereof by the industrial commissioner, the trier of the facts, is conclusive upon the courts. If the answer to said question be in the negative, then it would be proper for the court to direct a verdict, and in that event, it becomes a question of law, for the determination of the court."

The evidence discloses, without contradiction, that Jensen made out and signed numerous bills of lading on forms bearing the printed name of Diamond Products Company. The testimony of Jensen shows, and it is not particularly denied, that the work he did pertained exclusively to the handling of the merchandise of the Diamond Products Company.

As somewhat bearing upon this case, see Bidwell Coal Co. v. Davidson, 187 Iowa 809, 818, 174 N. W. 592, 595, 8 A. L. R. 1058, 1064, where it is stated:

"The statute is to be liberally construed, so as to get it within the spirit, rather than within the letter of the law. See Brienen v. Wisconsin Pub. Serv. Co., 166 Wis. 24 (163 N. W. 182). In construing the provisions of the Compensation Law, the court

is bound, not to a narrow, technical construction, but rather to a broad and liberal construction, to make effectual the very purposes for which the law was passed.  Rish v. Iowa Portland Cement Co., 186 Iowa 443; State v. District Ct. of St. Louis County, 128 Minn. 43 (150 N. W. 211).''

The findings of the Commissioner as to the amount due claimant seem justified and proper under the record, and by the affirmance of the trial court as hereinafter noted, are hereby confirmed.

It is our conclusion that there is ample evidence in the record to support the findings and rulings of the Commissioner and the trial court, and the judgment of that court as entered is therefore affirmed.—Affirmed.

CHIEF JUSTICE and all JUSTICES concur.