Foster-Latimer Lumber Company, Respondent, vs. Industrial Commission of Wisconsin, imp., Appellant.

*April 3—April 30, 1918.*

*Workmen's compensation: Amendment of findings and award: New award: Action to review: Pleading: Injury while going from employment: "In the ordinary and usual way:" Catching ride on train.*

1. Where findings and an award made and entered by the industrial commission on April 30th were amended within ten days as authorized by sec. 2394—17, Stats., the amendment being a mere correction of the computation, based on facts previously found, and there being no recital of the hearing or of any new findings or award and no vacation or change of any substantial part of the order of April 30th, the complaint in an action to review the award properly described the findings and award as having been entered on April 30th.

2. A finding by the industrial commission that an employee, who was injured when he attempted to catch a ride towards his home upon a freight train which was leaving the platform at the planing mill in which he worked, was "going from his employment in the ordinary and usual way," is *held* not to be sustained by the evidence.

APPEAL from a judgment of the circuit court for Dane county: E. RAY STEVENS, Circuit Judge. *Affirmed.*

Workmen's compensation. Pat Duane had been employed by the *Foster-Latimer Lumber Company* as a planing-mill fireman for many years. The planing mill was situated about one-half mile east of Mellen, Duane living about a quarter of a mile west of Mellen. A switch track of the Soo Railway runs from Mellen to the north side of the planing mill, at which place there is a loading platform. On leaving his work Duane ordinarily walked the length of the platform westerly, descended the steps at the end of the platform, and then on over the track to streets and highways leading to his home. On the day of the accident, after finishing his work, he came onto the platform as usual, but is unable to say just what occurred thereafter, except that he went around two lumber trucks and the next thing he knew he was on the railroad track, injured. Application was made to the *Industrial Commission* for compensation, and upon the hearing the *Commission* found as follows, omitting the formal matters:

"That while engaged in performing services growing out of and incidental to his employment the applicant accidentally sustained personal injury; that at the time of the accident the applicant was going from his employment in the ordinary and usual way while on the premises of his employer; that the injuries sustained by the applicant were proximately caused by the accident,"

and compensation was awarded accordingly. Plaintiff appealed from the decision of the *Commission* to the circuit court for Dane county, and the circuit court set aside the award of the *Commission*. From the judgment of the circuit court the *Commission* appeals.

For the appellant there was a brief by the *Attorney General* and *Winfield W. Gilman,* assistant attorney general, and oral argument by *Mr. Gilman.*

For the respondent there was a brief by *Brown, Pradt & Genrich* of Wausau, and oral argument by *L. A. Pradt.*

ROSENBERRY, J.    Two points are raised on the appeal: (1) That the circuit court had no jurisdiction to review the award of the *Commission,* and (2) that the evidence supports the finding that at the time of the accident Duane was performing service growing out of and incidental to his employment.

1. The findings and award were made and entered on April 30, 1917, and on May 7, 1917, the *Commission,* having its attention directed to the fact that the award should have been for five per cent. less on account of the age of the applicant, amended the findings and award accordingly.    An action was begun to review the award of April 30, 1917.    It is claimed that when the *Commission* modifies or changes its findings or award, the original order, findings, or award no longer have any force or vitality; that nothing of the original findings and award remain to be reviewed

The power of the *Commission* to amend its findings and award is conferred by sec. 2394—17, Stats., the material part of which reads as follows:

"The commission may on its own motion, modify or change its order, findings or award at any time within ten days from the date thereof if it shall discover any mistake therein."

The amendment contained no recital of the hearing, appearance of counsel, did not recite any new findings or award, but purported to be an amendment to the original award.    We think the proceeding in this case was no more than an amendment, and that under the circumstances disclosed here the findings and award were made and entered on April 30, 1917, and that they were properly described in the complaint as having been entered on April 30, 1917, and that the matter was properly before the trial court.    There

was no vacation of the order of April 30th; no change of any substantial part of the order, but a mere correction of the computation, based on facts previously found.

2. It appears from the memorandum filed by the *Commission* that "A freight train was just leaving the platform, and the applicant attempted to get aboard one of these cars and ride down to the station or warehouse near his home. In doing so he fell under the cars and sustained injuries necessitating the amputation of his left arm at the shoulder. The accident occurred on the premises of the employer." And in the formal findings, "that at the time of the accident the applicant was going from his employment in the ordinary and usual way, while on the premises of his employer." The trial court said:

"The evidence warrants the finding that it was a common thing for employees to catch a ride on this train when it was on the switch track that served the mill, at the time the men quit work.    But, as applicant and other witnesses testified it was 'very seldom' that switching was done at the time the men were quitting work.    The applicant in fourteen years' service at the mill could fix only two times when he had ridden on this train.    The applicant further testified that the 'usual way' to go home was to walk along the platform that runs beside the switch track where he was injured and then 'over the railway track, right of way, highway, and streets home.' "

The question presented is, Does this evidence sustain the finding that the applicant was coming from his employment "in the ordinary and usual way" within the meaning of sub. (2) of sec. 2394—3, Stats. ?    This provision of the statutes was added by the legislature of 1913.    The legislature did not leave it to the courts to say whether or not an employee going to or leaving the place of his employment, under a given state of facts, was performing service growing out of and incidental to his employment, but limited the liability to cases where the employee was going to or from his employ-

ment in the *ordinary* and *usual* way. Some effect must be given to the words "in the ordinary and usual way." · If any effect is given to these words, they must be held not to include an employee who is going to and from his employment in any other than the *ordinary* and *usual* way. We think it clear in this case that catching a ride upon cars being switched in and out of the planing-mill yard was not a usual and ordinary way for employees of the planing mill to go to and from the place of their employment, and that there is no evidence to sustain a finding to that effect. It appears without dispute that the applicant had left the premises in that way only two times in fourteen years; that it was very seldom that switching was being done at the time the men were leaving; and while it does appear that other employees occasionally rode upon cars being switched, there is nothing to show that it was the usual and ordinary way for employees to leave the premises. If it had been the intent of the legislature to make the employer liable for all injuries sustained by the employee after he had completed his services and while he was leaving and still upon the premises of the employer, they would not have limited the employer's liability to injuries sustained while going to and from his employment in the ordinary and usual way. Under familiar rules of construction, we cannot ignore these words or decline to give effect to the legislative intent clearly indicated by their use.

*By the Court.*—Judgment affirmed.

OWEN, J., took no part.