COLUMBIA COUNTY HIGHWAY COMMISSION and another, Appellants, vs. INDUSTRIAL COMMISSION OF WISCONSIN and another, Respondents.

*March 3—April 1, 1930.*

For the appellants there was a brief by *Brown, Pradt & Genrich* of Wausau, and oral argument by *L. A. Pradt.*

For the respondent Industrial Commission there was a brief by the *Attorney General* and *Mortimer Levitan* and *F. C. Seibold,* assistant attorneys general, and oral argument by *Mr. Seibold.*

STEVENS, J.   The only question presented is whether the deceased was performing services growing out of and incidental to his employment at the time that he was killed.

Had the car belonged to the highway commission there

would doubtless have been no question that the deceased was performing services within the scope of his employment while he was repairing and testing the car. He made the repairs on the premises of his employer, during the usual working hours. The car was as much a part of the equipment used by the highway commission in the transaction of its business as if the highway commission had owned the car or had secured its use by a formal contract of hiring.

The testing and repairing of machinery used in promoting the business of an employer is a service that is within the scope of the employment, regardless of the question whether the machine belongs to the employer or is merely used by it to transact its business. *Kingsley v. Donovan,* 169 App. Div. 828, 155 N. Y. Supp. 801, 802; *Schonberg v. Zinsmaster Baking Co.* 173 Minn. 414, 217 N. W. 491, 493.

The cases upon which the appellants rely are distinguished by the fact that the injuries there in question were sustained after the employee had left his employment and while he was upon his own premises after the close of work.

*By the Court.*—Judgment affirmed.