FELS, Respondent, vs. INDUSTRIAL COMMISSION, Defendant: NEENAH-MENASHA SAND & GRAVEL COMPANY and another, Appellants.*

*February 11—March 8, 1955.*

* Motion for rehearing denied, with $25 costs, on May 3, 1955.

For the appellants there were briefs by *Kivett & Kasdorf,* attorneys, and *A. W. Kivett* and *Stephen C. deVries* of counsel, all of Milwaukee, and oral argument by *A. W. Kivett.*

For the respondent there was a brief by *Cashman & Savage* of Manitowoc, and oral argument by *John R. Cashman.*

MARTIN, J.   The facts are not in dispute.  Plaintiff Fels owned a dump truck and he entered into an oral contract with Neenah-Menasha Sand & Gravel Company to haul gravel for 55 cents a yard; Fels was to furnish the truck, gasoline, and oil, and was to be responsible for repairs to the truck.

About 3:15 p. m. on December 11, 1951, after dumping a load, Fels reported to the checker that he would not take another load because the center spring bolt on the left rear of the truck was broken and he wanted to fix it.  He went to the Brickle service station, about three and one-half miles away, to repair the truck.  While there engaged in such repair, plaintiff was injured.

The examiner for the Industrial Commission stated in his findings of fact:

"On the basis of the above facts the examiner concludes that at the time of the applicant's injury he was either a direct

employee of the respondent or a statutory employee within the meaning of sec. 102.07 (8) ; that at the time of the applicant's injury he had finished his work for the respondent for that day and was not performing service for the respondent, and his injury did not arise out of his employment by the respondent."

Fels application for compensation was ordered dismissed and the commission affirmed the findings and order.

Appellants maintain that this is a case where different inferences may be drawn from undisputed facts and that it is for the commission, not the courts, to draw such inferences. We cannot agree that the examiner's conclusion is an inference drawn from the facts. Language almost identical with that quoted above was held in *Voswinkel v. Industrial Comm.* (1939), 229 Wis. 589, 282 N. W. 62, to be a conclusion of law properly subject to review by the courts. The determination whether under undisputed facts an employee is performing services growing out of or incidental to his employment requires the application of the law to those facts. See *Radtke Bros. & Korsch Co. v. Rutzinski* (1921), 174 Wis. 212, 183 N. W. 168; *Olson Rug Co. v. Industrial Comm.* (1934), 215 Wis. 344, 254 N. W. 519.

The circuit court found that the Fels truck was leased by the employer and thus was the employer's truck for the duration of the lease. It is not disputed that the hiring arrangement under which Fels worked for the Sand & Gravel Company included his truck. George Schulz, vice-president of the company, referred to such trucks as "hired trucks." It is not contended that the hiring arrangement had been terminated prior to the injury.

It was also found by the lower court that the premises upon which the accident occurred were the premises of the employer. Brickle's service station was located on the road trucks usually traveled between the gravel pit and the construction project. The Sand & Gravel Company rented a stall

at the Brickle station. Driver-owned trucks, as well as the trucks owned by the company, were taken there for repair. Driver-owners, who were responsible for their own repairs, frequently had Brickle charge the company for the services to them; the company paid Brickle and then deducted such amounts from the wages due the truckers for hauling.

Fels had driven to the Brickle station after informing the checker that his truck needed repair. Upon arriving there' he found that Herb Schultz, another driver-owner working for this company, was using the stall leased by the employer for the repair of his truck. While waiting for the stall Fels loosened the U-bolts on the spring of his' truck. When Schultz left, Fels drove his truck into the stall; an employee of Brickle helped him block it up; and while Fels was attempting to remove the spring the blocking gave way and the truck body came down upon Fels' head.

Appellants argue that there is an unexplained lapse of time between Fels' conversation with the checker and his arrival at the service station. We find in the record no evidence of such a delay as would give rise to an inference that Fels went off on a personal errand before he brought his truck to Brickle's station for repair.

The question on this appeal is whether or not the repair of the truck, in which Fels was engaged at the time he was injured, was work growing out of and incidental to his employment.

This court has often said that the Workmen's Compensation Law must be liberally construed to include all service that can be reasonably said to come within it. *Radtke Bros. & Korsch Co. v. Rutzinski, supra; Severson v. Industrial Comm.* (1936), 221 Wis. 169, 266 N. W. 235; *Anderson v. Industrial Comm.* (1947), 250 Wis. 330, 27 N. W. (2d) 499. In *Columbia County Highway Comm. v. Industrial Comm.* (1930), 201 Wis. 301, 303, 230 N. W. 40, it was said:

"The testing and repairing of machinery used in promoting the business of an employer is a service that is within the scope of the employment, regardless of the question whether the machine belongs to the employer or is merely used by it to transact its business."

In *Butler v. Industrial Comm.* (1953), 265 Wis. 380, 384, 61 N. W. (2d) 490, the applicant was a village marshal who had been instructed to confine his duties to the village limits. He answered a call to an automobile accident outside the village limits and was injured while placing flares to warn traffic at the scene of the accident. We held that even though he had disregarded precise instructions with respect to his duties, he was performing service growing out of and incidental to his employment at the time of the injury. In that case we adopted the language of the United States supreme court in *O'Leary v. Brown-Pacific-Maxon, Inc.* (1951), 340 U. S. 504, 506, 71 Sup. Ct. 470, 95 L. Ed. 483:

"Workmen's compensation is not confined by common-law conceptions of scope of employment. *Cardillo v. Liberty Mutual Ins. Co.* 330 U. S. 469, 481; *Matter of Waters v. Taylor Co.* 218 N. Y. 248, 251, 112 N. E. 727, 728. The test of recovery is not a causal relation between the nature of employment of the injured person and the accident. *Thom v. Sinclair,* (1917) A. C. 127, 142. Nor is it necessary that the employee be engaged at the time of the injury in activity of benefit to his employer. All that is required is that the 'obligations or conditions' of employment create the 'zone of special danger' out of which the injury arose."

One of the "obligations or conditions" of Fels' employment was the use of his own truck. Keeping the truck in repair was a necessary incident to that employment. He customarily left the truck at the gravel pit at the close of the day's work. The damage to the truck occurred while Fels was hauling on December 11th. After unloading he went directly from the employer's premises to the service station where the employer's trucks were serviced. It was his

intention to bring the truck back to the pit after it was repaired and leave it there ready for loading the next morning.

In our opinion a proper consideration of the purposes of the law requires the conclusion that Fels was injured while performing services growing out of and incidental to his employment.

*By the Court.*—Judgment affirmed.