Cmelak, Respondent, v. Industrial Commission and others, Appellants.

*April 27—June 1, 1965.*

554

For the appellant Industrial Commission the cause was argued by *Gordon Samuelsen,* assistant attorney general, with whom on the brief was *Bronson C. La Follette,* attorney general.

For the appellants Curtis Development Company and Liberty Mutual Insurance Company there was a brief by *Wickham, Borgelt, Skogstad & Powell,* attorneys, and *Clayton R. Hahn* of counsel, all of Milwaukee, and oral argument by *Mr. Hahn.*

For the respondent there was a brief and oral argument by *Ralph J. Podell* of Milwaukee.

HEFFERNAN, J. The questions on this appeal arise out of the statutory requirements [3] that must be fulfilled to establish eligibility for workmen's compensation. In this case we are particularly concerned with the requirements that the employee at the time of the accident "is performing service growing out of and incidental to his employment" and that the "accident . . . arises out of his employment."

The first requisite, that the employee must be performing service growing out of and incidental to his employment, by statutory definition includes every employee "going to and from his employment in the ordinary and usual way, while on the premises of his employer." Since a company-owned parking lot has been held to be part of the premises (*American Motors Corp. v. Industrial Comm.* (1962), 18 Wis. (2d) 246, 118 N. W. (2d) 181), the issue is whether Mrs. Cmelak was going to work "in the ordinary and usual way." The hearing officer concluded that the "applicant was not going to or coming from work in the usual and customary manner [sic]." The commission affirmed this finding.

"Going to and from his employment in the ordinary and usual way" has been held to exclude an employee who caught a ride on the railroad cars that were leaving his place of employment when his usual and ordinary way was to walk

---

[3] Sec. 102.03, Stats. "CONDITIONS OF LIABILITY. (1) Liability under this chapter shall exist against an employer only where the following conditions concur : . . .

"(c) 1. Where, at the time of the injury, the employe is performing service growing out of and incidental to his employment. Every employe going to and from his employment in the ordinary and usual way, while on the premises of his employer, . . . shall be deemed to be performing service growing out of and incidental to his employment ; . . .

"(e) Where the accident or disease causing injury arises out of his employment."

home.[4] In the instant fact situation, however, Mrs. Cmelak drove her car to work. This was her ordinary and usual way of going to her employment. The test, according to the statute, is not whether the accident and injury were ordinary and usual. The trial court adopted the following interpretation, in which we concur, of the statutory terms:

"The words 'in the ordinary and usual way' clearly refer to the mode and route of the transportation or ambulation, . . ."

The second essential element necessary for recovery under the Workmen's Compensation Act is that the accident causing injury must arise out of the employment. See sec. 102.03 (1) (e), Stats. This phrase does not mean that the employment must be the moving force which produces the accident, although this court has stated that this portion of the statute has something to do with a causal connection between the injury and the employment.[5]

The *Cutler-Hammer Case* has made it clear, however, that the employment does not have to proximately cause the accident or injury, but it is required that the obligation or circumstances of employment have placed the worker at the particular place where the injury occurs. It is also required that the force be one not personal to the employee.[6] This does not mean that no action or effort of the employee may not have concurred in or have caused the injury, rather it means that the occurrence cannot be of a solely idiopathic nature. For example, in *Cutler-Hammer,* liability was found

[4] *Foster-Latimer Lumber Co. v. Industrial Comm.* (1918), 167 Wis. 337, 167 N. W. 453.

[5] See *Cutler-Hammer, Inc., v. Industrial Comm.* (1958), 5 Wis. (2d) 247, 252, 92 N. W. (2d) 824. Cf. 1 Larson, Law of Workmen's Compensation, p. 42, sec. 6.10, in which he differentiates between these by stating that "arising out of" refers to causal origin, and "course of employment" relates to the time, place, and circumstances of the accident in relation to the employment.

[6] Compare Larson, ibid. p. 48, sec. 7.00.

when the employee fell on a stairway and was injured. The court there followed the findings of the examiner that a pre-existing knee injury had not caused the leg to give out and the fall. Here there is no evidence of any idiopathic defect. It is perfectly clear that the injury was sustained as the result of the coworkers suddenly releasing the car and allowing the weight to be borne by Mrs. Cmelak alone.

We have no difficulty in holding that this accident arose out of the employment since Mrs. Cmelak was in the parking lot as a circumstance of her employment, when she was injured through the agency of a third person (though she may have been negligent or participated in the conduct leading to the injury).

In the *Cutler-Hammer Case* this court concluded that the claimant was eligible under the "positional-risk" doctrine, when he fell on a stairway that he used to punch the time clock at the end of the day's work. Here the claimant was in the same situation by virtue of the fact that her employment occasioned her being in the parking lot at the time the injury occurred.

Both the appellants maintain that the commission made a finding of fact and that the reviewing courts are bound by this finding if there is any credible evidence to support the finding. The commission also urges that the court invoke the rule that the findings of the commission are conclusive where it is possible to draw different inferences from undisputed facts.

With these well-accepted rules we have no quarrel, but they are not applicable here. It is equally axiomatic that when but one inference can be drawn from a set of facts that the conclusion is one of law and not of fact. *Horvath v. Industrial Comm.* (1965), 26 Wis. (2d) 253, 131 N. W. (2d) 876. Here it is undisputed that the claimant was going to work by precisely the same mode of transportation, following the same route, and arriving at the same destina-

tion as she had done during the whole course of her employment. We can only conclude as a matter of law that she was "going to her employment in the ordinary and usual way."

We conclude that the commission applied erroneous law to these undisputed facts. Under these circumstances the courts are not bound by a conclusion of the Industrial Commission.

The commission on the undisputed facts concluded, "It is recognized and established that negligence is not a bar to recovery, but claimant herein created the hazard which caused her injury." It was on this principle of law that the commission concluded that the accident did not arise out of the employment.

In a well-reasoned opinion the learned trial judge correctly stated that this expressed an improper application of law to the undisputed facts. As we have stated above, the fact that the claimant participated in the conduct that caused the injury does not render her ineligible for compensation, if she in other respects meets the statutory qualifications. We conclude that she has done so and affirm the judgment of the trial court.

*By the Court.*—Judgment affirmed.