David S. IDE, Plaintiff-Appellant,

v.

LABOR AND INDUSTRY REVIEW COMMISSION, Defendant-Respondent,

MACFARLANE PHEASANT FARM, INC., and Rural Mutual Insurance Company, Defendants-Respondents-Petitioners.

Supreme Court

*No. 97–1649. Oral argument December 2, 1998.—Decided February 26, 1999.*

(Also reported in 589 N.W.2d 363.)

■■■■■■■■■■■■■

■■■■■

■■■■■■■■■■■■■■■

For the defendants-respondents-petitioners there were briefs by *Mark W. Andrews, Kim I. Moermond* and *Winner, Wixson & Pernitz*, Madison and oral argument by *Mark W. Andrews*.

For the plaintiff-appellant there was a brief by *Kenneth T. McCormick, Jr.,* and *Boardman, Suhr, Curry & Field*, Madison and oral argument by *Richard L. Bolton.*

¶ 1. JON P. WILCOX, J. MacFarlane Pheasant Farm, Inc., and its insurer, Rural Mutual Insurance Company (hereinafter "MacFarlane Farm") appeal from an unpublished court of appeals decision reversing a circuit court judgment which upheld the Labor and Industry Review Commission's (LIRC) determination that the injuries sustained by the plaintiff, David S. Ide, were not compensable under the Wisconsin Worker's Compensation Act (WCA). MacFarlane Farm contends that while the court of appeals correctly found that Ide, a previous employee who injured his back while changing the tire on a van he borrowed from MacFarlane Farm, had finished work for the day and had embarked on a personal errand, it erroneously concluded that Ide's changing of the tire was a "benefit to

the employer," and as such, was compensable under Wis. Stat. § 102.03 (1993–94).[1] We conclude that there is credible and substantial evidence supporting LIRC's determination that Ide's back injury was not compensable under the WCA because he was not performing a service growing out of or incidental to his employment; rather, he was finished working for the day and had begun a purely personal errand when he was injured. We also conclude that the court of appeals should have deferred to LIRC's reasonable interpretation. Accordingly, we reverse the decision of the court of appeals.

## I.

¶ 2. The record reveals that Ide, a Massachusetts resident, began working for MacFarlane Farm in January 1989 as part of an agricultural internship from Sterling College in Vermont. Ide testified that his job originally involved crating and loading birds onto trucks to be shipped to hunting preserves, as well as cleaning vehicles and watering birds at the breeder barn. Soon after Ide started work, he complained of back pain.[2] As a result, he was given jobs that did not require as much lifting.

¶ 3. On February 15, 1989, Ide asked for and was given permission by William MacFarlane, the president, to take the company van to go grocery shopping after work. Ide did not have a vehicle; instead he would get to and from work (about one mile) by either riding with co-workers, or by bicycle. On February 15, Ide's

---

[1] All statutory references are to the 1993–94 version of the WI Statutes unless otherwise indicated.

[2] Ide's medical records, including the emergency room reports dated February 15 and 16, 1989, disclose that he had a history of back pain two years prior to coming to Wisconsin for the internship.

time card had a hand-written notation, instead of a time clock stamp, indicating that he finished work at 5:30 p.m. Similar hand-written notations had been made on his time cards on 22 other occasions in the time that he had worked at the farm. At approximately 6:00 p.m., while leaving but still on MacFarlane Farm's property, Ide was driving the van when the tire went flat. As Ide was changing the tire, he injured his lower back.

¶ 4. In February 1995, Ide filed a worker's compensation claim.[3] At the hearing before the administrative law judge (ALJ), Ide's supervisor, who finished changing the tire after Ide injured his back, confirmed that Ide had asked to use the van to go grocery shopping that night and that Ide had discussed those plans with other employees. His supervisor stated, somewhat equivocally, that Ide told him he had to change the tire to take the van grocery shopping that evening. MacFarlane also testified at the hearing. He affirmed that Ide had asked to use the van to go grocery shopping and that he was not running errands for the farm. He indicated that he would not have had Ide change the tire because of his back trouble. Rather, MacFarlane stated that the farm had a maintenance person whose responsibility it was to change the tire if there was a flat.

---

[3] This was Ide's second application for benefits. The first application, approved in January 1993, was resolved by a Limited Compromise Agreement between the parties. Under the agreement, MacFarlane Farm denied liability and denied that the injury was work-related, but agreed to pay $17,000.00 to resolve the dispute. The agreement only settled claims through February 1992, and it did not make any provision for future claims.

¶ 5. The ALJ, while not explicitly finding that Ide's original injury was work-related, did grant him a partial award. LIRC reversed the ALJ. In its memorandum opinion, LIRC found that at the time of the injury, Ide was not performing services growing out of and incidental to his employment. Wis. Stat. § 102.03(1)(c)2. Rather, LIRC concluded that Ide had completed work at the time of the injury and that his injury occurred after he began a purely personal errand—going to the grocery store. LIRC also determined that using MacFarlane Farm's vehicle was not the usual or ordinary method by which Ide left work each day.

¶ 6. Ide sought judicial review, and Dane County Circuit Court Judge Angela Bartell affirmed LIRC's decision. Ide appealed and the court of appeals reversed. While the court of appeals agreed that there was sufficient credible evidence to support virtually all of LIRC's findings of fact, it nevertheless reversed, concluding that because someone had to change the tire, Ide's attempting to do so constituted a benefit for his employer—a compensable event. MacFarlane Farm petitioned this court for review.

II.

¶ 7. Whether an employee is acting within the course of his or her employment under the Worker's Compensation Act is a mixed question of law and fact. *Nottelson v. DILHR*, 94 Wis. 2d 106, 114–15, 287 N.W.2d 763 (1980); *Michels Pipeline Constr., Inc. v. LIRC*, 197 Wis. 2d 927, 931, 541 N.W.2d 241 (Ct. App. 1995). Questions concerning the conduct of the employee and employer are questions of fact. *Nottelson*, 94 Wis. 2d at 115. The application of a statutory con-

cept to those facts is a question of law subject to independent review. *Id.*

## III.

¶ 8. Ide renews his claim that several factual findings made by LIRC, and affirmed by the circuit and appellate courts, are unsupported by the evidence. Ide challenges the following findings: (1) that he had punched out from work at the time of the injury; (2) that he had completed his work for the day at the time of the injury; (3) that he was leaving the employer's property when the flat tire occurred; (4) that he had started on a personal errand before he was injured; and (5) that he did not regularly use the van as part of his employment. Ide insists his testimony raises questions about those findings.

¶ 9. LIRC's findings of fact are conclusive on appeal so long as they are supported by credible and substantial evidence. Wis. Stat. § 102.23(6); *Nottelson,* 94 Wis. 2d at 114. The evidence need only be sufficient to exclude speculation or conjecture. *Bumpas v. ILHR Dept.,* 95 Wis. 2d 334, 343, 290 N.W.2d 504 (1980). This court does not weigh the evidence or pass upon the credibility of the witnesses; rather, the weight and credibility of evidence is to be determined by LIRC. *Brakebush Bros., Inc. v. LIRC,* 210 Wis. 2d 623, 630, 563 N.W.2d 512 (1997). Our role on review is to search the record to locate credible evidence that supports LIRC's factual findings. *Id.* We conclude that the record contains credible and substantial evidence supporting all but one of LIRC's findings. LIRC's finding that Ide did not use the van in his work on a regular basis is unsupported. Both Ide and MacFarlane testified that Ide used the farm vehicles regularly. Except

for this unsupported statement, we affirm LIRC's findings.

## IV.

¶ 10. Whether the facts, as found by LIRC, fulfill a particular legal standard is a question of law which we review de novo. *Nottelson*, 94 Wis. 2d at 115–16. Thus, we independently determine whether Wis. Stat. § 102.03(1)(c)2 which conditions worker's compensation liability on the employe "going to and from his or her employment in the ordinary and usual way, while on the premises of the employer. . .[and while] performing service growing out of and incidental to employment" provides coverage for Ide's injuries. When reviewing questions of law, we apply one of three levels of deference to the agency's interpretation: "great weight," "due weight" or "de novo." *Hagen v. LIRC*, 210 Wis. 2d 12, 18, 563 N.W.2d 454 (1997); *Kelley Co., Inc. v. Marquardt*, 172 Wis. 2d 234, 244–45, 493 N.W.2d 68 (1992).

¶ 11. The "great weight" standard is the highest level of deference given to an agency conclusion of law or statutory interpretation, and is accorded if the administrative agency's experience, technical competence, and specialized knowledge aid the agency in its interpretation and application of the statute. *Kelley Co.*, 172 Wis. 2d at 244. We conclude that LIRC's determination on this issue is entitled to great weight because LIRC has gained experience and expertise in determining when an employee is acting within the scope of his or her employment. *Nigbor v. DILHR*, 120 Wis. 2d 375, 384, 355 N.W.2d 532 (1984).

¶ 12. Under the great weight standard, a reviewing court must uphold the agency interpretation if it is reasonable. *Hagen*, 210 Wis. 2d at 20. An agency's interpretation of a statute is unreasonable if it "directly contravenes the words of the statute, is clearly contrary to legislative intent, or is otherwise. . .without rational basis." *Lisney v. LIRC*, 171 Wis. 2d 499, 506, 493 N.W.2d 14 (1992).

¶ 13. Wisconsin Stat. § 102.03(1)(a)–(e) sets forth the conditions of liability under the WCA.[4] The provision at issue here, § 102.03(1)(c)2, provides in part:

(1) Liability under this chapter shall exist against an employer only where the following conditions occur:

(c)2. Any employe going to and from his or her employment in the ordinary and usual way, while on the premises of the employer. . .is performing service growing out of and incidental to employment.

---

[4] Wisconsin Stat. § 102.03(1) provides:

(1) Liability under this chapter shall exist against an employer only where the following conditions occur:

(a) Where the employe sustains an injury.
(b) Where, at the time of the injury, both the employer and employe are subject to the provisions of this chapter.
. . . .
(c)2. Any employe going to and from his or her employment in the ordinary and usual way, while on the premises of the employer. . .is performing service growing out of and incidental to employment.
. . . .
(d) Where the injury is not intentionally self-inflicted.
(e) Where the accident or disease causing injury arises out of the employe's employment.
(f) [Relating to traveling employes.]
(g) [Relating to members of the state legislature.]

¶ 14. The statutory clause "in the ordinary and usual way" refers to the mode and route of transportation. *Cmelak v. Industrial Comm'n*, 27 Wis. 2d 552, 556, 135 N.W.2d 304 (1965) (claimant going to work by precisely the same mode of transportation, following the same route, and arriving at the same destination as she had done during the whole course of her employment). LIRC determined that using his employer's vehicle was not the usual and ordinary method by which Ide left for work each day; he biked or hitched rides.

¶ 15. As noted by the court of appeals, whether borrowing his employer's van was the equivalent to hitching rides with others depends on whether mode is defined as broadly as traveling by car or as narrowly as using a particular vehicle. LIRC determined that driving a vehicle was a qualitatively different mode of coming and going from work than riding as a passenger in a co-worker's vehicle. Because LIRC's determination that Ide was not traveling from work in the ordinary and usual way when he was injured is reasonable, we defer to the agency's resolution of the issue.

¶ 16. As to the premises clause of the statute, it is clear Ide was on MacFarlane Farm's property when he sustained the injury. This fact alone does not bring about liability for the employer. Rather, Ide must also be engaged in his usual duties prior to the injury. *Bruns Volkswagen, Inc. v. DILHR*, 110 Wis. 2d 319, 322, 328 N.W.2d 886 (Ct. App. 1982). However, Ide's employment did not include maintenance of the farm's vehicles; the farm had a maintenance person whose job it was to maintain the vehicles and equipment. In addition, he was physically limited in the tasks he could perform because of his complained-of back problems.

¶ 17. The last clause, "performing service growing out of and incidental to his or her employment," is used interchangeably with the phrase "course of employment." *Weiss v. City of Milwaukee*, 208 Wis. 2d 95, 104, 559 N.W.2d 588 (1997). "Both phrases refer to the 'time, place, and circumstances' under which the injury occurred." *Id.* at 104–05 (quoting *Goranson v. DILHR*, 94 Wis. 2d 537, 549, 289 N.W.2d 270 (1980)).

> An injury is said to arise in the course of the employment when it takes place within the period of the employment, at a place where the employee reasonably may be, and while he [or she] is fulfilling his [or her] duties or engaged in doing something incidental thereto.

*Weiss*, 208 Wis. 2d at 105 (quoting 1 *The Law of Worker's Compensation* § 14.00).

¶ 18. LIRC concluded that Ide was not performing services growing out of and incidental to his employment, i.e., not within the time, place, and circumstances of employment when the injury occurred. LIRC determined that Ide had completed work at the time of the injury, that he was injured after he began a purely personal errand, and that he was not responsible for the maintenance of the van as part of his employment. These conclusions are reasonable.

¶ 19. The record shows that: Ide had asked permission to use the van for a personal errand that night, he had discussed those plans with other employees that day, his time card had a sign-out time of 5:30 p.m., he had left the breeder barn where he performed many of his duties, the injury occurred at 6:00 p.m., and Ide did not seek additional compensation beyond 5:30 p.m. for the extra time he took to change the tire (repairing

the vehicle). In fact, Ide told his supervisor, who finished changing the tire, that he had to change the tire to go shopping that evening. On the basis of these facts, it was reasonable for LIRC to conclude that by changing the tire to the van, Ide was not performing a service growing out of and incidental to his employment, but rather opted to change the tire to complete his personal errand of going to the grocery store. The injury did not occur within the period of employment (Ide was signed out), nor was changing a vehicle tire part of Ide's duties or incidental to his employment (he was in the process of running a personal errand, he was limited in the physical labor he could perform, and a person was on the staff who was responsible for vehicle maintenance).

¶ 20. Even though the court of appeals found LIRC's factual findings to be supported by credible evidence, it determined that (1) Ide's employment placed him in the position where changing a tire might occur because he used the vehicle to bring feed and water to the birds and he was given permission for after hours use; and (2) the tire had to be changed in order for the van to be used the next day. For these reasons, the court concluded that the changing of the tire occurred while Ide was providing a benefit to his employer, and therefore, his injury occurred while he was performing a service growing out of and incidental to his employment. We disagree.

¶ 21. First, the fact that Ide's employer gave him permission to drive the van after hours does not support a finding that he was acting within the scope of his employment. *See e.g., Sadler v. Western Moulding Co.,* 6 Wis. 2d 278, 281, 94 N.W.2d 602 (1959) (employee who was using employer's car while engaged in a personal errand does not mean acting within scope of his employment); *Adams v. Quality Serv. Laundry & Dry*

*Cleaners*, 253 Wis. 334, 336, 34 N.W.2d 148 (1948) (because employee was using company truck for personal errand, had finished work for the day, and no duty connected with employment furnished the occasion for the trip, employee not acting within the scope of his employment); and *Gewanski v. Ellsworth*, 166 Wis. 250, 254, 164 N.W. 996 (1917) (effort of master to accommodate and assist the servant does not bring within the scope of the master's employment acts of the servant otherwise without such scope).

¶ 22. In addition, the question of whether an employer received a "benefit" from its employee is a question of fact, *Schwab v. ILHR Dept.*, 40 Wis. 2d 686, 693, 162 N.W.2d 548 (1968), which is conclusive so long as it is supported by credible and substantial evidence, Wis. Stat. § 102.23(6). Our role on review is to search the record to locate credible evidence to support LIRC's factual findings. *Brakebush Bros.*, 210 Wis. 2d at 630.

¶ 23. The facts in this case support LIRC's findings. Ide was not on duty; he was, at the time of the flat, on a personal errand which he stated could only be completed if he changed the flat tire. Nor was he engaged in an activity his employer required or asked of him; Ide was not responsible for changing tires on vehicles or maintenance of vehicles as part of his employment. In fact, his employer tried to limit the amount Ide lifted after he complained of back problems.

¶ 24. Lastly, it appears that the court of appeals combined the conditions that Ide's injury must arise out of his employment, Wis. Stat. § 102.03(1)(e), and that it must occur while he was performing a service growing out of and incidental to his employment, § 102.03(1)(c)2. While both conditions must be satisfied, the phrase "arising out of" employment refers to

the causal origin of the injury, whereas the phrase "performing service growing out of and incidental to" employment refers to the time, place, and circumstances under which the injury occurred. *Goranson*, 94 Wis. 2d at 549. In interpreting the former, § 102.03(1)(e), we have adopted the "positional risk" doctrine:

> [A]ll that is required is that the obligations or conditions of employment create the zone of special danger out of which the injury arose. *Butler v. Industrial Comm.*, 265 Wis. 380, 385, 61 N.W.2d 490 [,492 (1953)]. In other words, there is a causal connection between the employment and the injury where the employee is obligated by his employment to be present at the place where he encounters injury through the instrumentality of a third person or an outside force. . . .

*Bruns Volkswagen*, 110 Wis. 2d at 326 (quotations omitted).

¶ 25. We disagree with the court of appeals' determination that Ide's employment placed him in a position where changing a tire might occur. Ide simply was not obligated by his employment to be present on the farm in the circumstances in which he was injured. As Ide testified, his duties did not include vehicle maintenance. If the flat had occurred during the work hours, the farm's maintenance man would have been responsible for changing the tire, not Ide. He was also in the process of running a personal errand after hours when the flat occurred, which Ide admitted could not have been completed without changing the tire.

¶ 26. Unlike the injured employees in *Employers Mutual Liability Insurance Co. v. ILHR Department*, 52 Wis. 2d 515, 190 N.W.2d 907 (1971) and *Fels v.*

*Industrial Commission*, 269 Wis. 294, 69 N.W.2d 225 (1955), the activity Ide engaged in was not reasonably required by the terms and conditions of his employment. *Employers Mutual*, 52 Wis. 2d at 521. In both *Employers Mutual* and *Fels*, the injured employees were *required* to maintain their vehicles and keep them in good operating condition as a condition of their employment. *Employers Mutual*, 52 Wis. 2d at 522; *Fels*, 269 Wis. at 298. Such is not the case here; Ide was not responsible for changing tires on vehicles or maintenance of vehicles as part of his employment, the maintenance person was.

¶ 27. There must be some connection with the employer's work in which the employee was engaged or permitted to perform. *Bruns Volkswagen*, 110 Wis. 2d at 326–27; *Brienen v. PSC*, 166 Wis. 24, 27, 163 N.W. 182 (1917). Ide's changing of the tire does not have any such connection. Because we conclude that the facts support LIRC's determination that by changing the tire, Ide was not performing a service growing out of and incidental to his employment, we reverse the court of appeals' decision to the contrary.

*By the Court.*—The decision of the court of appeals is reversed.