COURT OF APPEALS
DECISION
DATED AND FILED

May 7, 2020

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2019AP1196**

STATE OF WISCONSIN

Cir. Ct. No. **2018CV80**

IN COURT OF APPEALS
DISTRICT IV

---

REBECCA S. LEITNER,

    PETITIONER-APPELLANT,

  V.

LABOR AND INDUSTRY REVIEW COMMISSION AND DEPARTMENT OF WORKFORCE DEVELOPMENT,

    RESPONDENTS-RESPONDENTS,

UNIVERSITY OF WISCONSIN MEDICAL FOUNDATION, INC.,

    RESPONDENT.

---

APPEAL from an order of the circuit court for Marquette County: BERNARD N. BULT, Judge. *Affirmed.*

Before Kloppenburg, Graham and Nashold, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1     PER CURIAM.   Rebecca Leitner appeals the circuit court's order upholding a decision by the Labor and Industry Review Commission that denied Leitner immediate unemployment benefits.   Leitner voluntarily terminated her employment but contends that she is eligible for the benefits because she satisfied statutory exceptions that allow immediate benefits even when an employee voluntarily terminates employment.[1]   We affirm.

*Background*

¶2     Leitner was employed by the University of Wisconsin Medical Foundation, Inc., as a certified medical assistant.   She was working a schedule from 8:15 a.m. to 5:15 p.m., but in June 2017 the Medical Foundation notified her that her schedule would be 8:00 a.m. to 5:00 p.m., effective at a later date.   The Commission found that this change to Leitner's schedule made it difficult for Leitner to transport her eleven-year-old daughter to school.

¶3     In July 2017, Leitner's mother suffered a heart attack.   Leitner was approved for leave of up to four hours per day to care for her mother.   However, Leitner claimed she needed more time to care for her mother and was sometimes absent for up to eight hours per day.

¶4     In September 2017, Leitner resigned her position with the Medical Foundation.   Leitner asserted that, despite the voluntary termination of her

---

[1] The respondents in this appeal are the Commission and the Department of Workforce Development.  The Commission submitted a brief, and the Department of Workforce Development submitted a letter stating that it concurs in the Commission's arguments.

employment, she was entitled to immediate unemployment benefits under statutory exceptions that applied based on: (1) the change to her work schedule, and (2) her need to care for her mother. The Commission disagreed, and the circuit court upheld the Commission.

*Standard of Review*

¶5 "[W]e review the Commission's factual findings and legal conclusions, rather than those of the circuit court." *Mueller v. LIRC*, 2019 WI App 50, ¶17, 388 Wis. 2d 602, 933 N.W.2d 645. "We defer to the Commission's findings of fact if they are supported by credible and substantial evidence." *Id.* "However, our supreme court recently ended the practice of deferring to an administrative agency's conclusions of law." *Id.* (citing *Tetra Tech EC, Inc. v. DOR*, 2018 WI 75, ¶¶3, 84, 382 Wis. 2d 496, 914 N.W.2d 21). "Accordingly, we review the Commission's legal conclusions de novo." *Id.* An agency's interpretation of a statute is a conclusion of law. *See Tetra Tech*, 382 Wis. 2d 496, ¶12.

*Discussion*

¶6 There is no dispute that, because Leitner voluntarily terminated her employment, she is not entitled to the benefits she seeks unless she satisfies a statutory exception in WIS. STAT. § 108.04(7).[2] Leitner argues that she satisfied two such exceptions:

> (b) … [T]he employee terminated his or her work
> with good cause attributable to the employing unit. In this
> paragraph, "good cause" includes, but is not limited to, a

---

[2] All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

request, suggestion or directive by the employing unit that the employee violate federal or Wisconsin law ….

….

(cg) ... [T]he employee terminated his or her work because of the verified illness or disability of a member of his or her immediate family and the verified illness or disability reasonably necessitates the care of the family member for a period of time that is longer than the employer is willing to grant leave.

WIS. STAT. § 108.04(7)(b) and (cg).

¶7      Leitner makes two arguments based on the first exception and one argument based on the second exception. We address each argument in turn.

¶8      Leitner first argues that there was good cause for terminating her employment that was attributable to her employer because her employer's change to her schedule that required her to start at 8:00 a.m. "was forcing [her] NOT to send her daughter to school—a violation of state law." We disagree. We first note that the Commission found that the schedule change made it "difficult," not impossible, for Leitner to transport her daughter to school. Regardless, even if we assume, as Leitner asserts, that the schedule change prevented her from transporting her daughter to school, we agree with the Commission's legal conclusion that the schedule change is not a "request, suggestion or directive" that Leitner violate state law by not sending her daughter to school. *See* WIS. STAT. § 108.04(7)(b).

¶9      Leitner's second argument based on the exception in WIS. STAT. § 108.04(7)(b) also relates to the schedule change. Leitner argues that there was good cause attributable to her employer because this change fundamentally altered the terms and conditions of her employment. Leitner points to two previous Commission decisions as support for her argument. However, in each of those

decisions the Commission made factual findings that the condition in question was a condition of employment or part of the employment agreement. Here, in contrast, the Commission made no such finding and instead found that Leitner failed to establish that a post-8:00 a.m. start time was a condition of her employment.[3]

¶10    Leitner appears to contend that her employer's historical practice of allowing a post-8:00 a.m. start time, to accommodate her daughter's school schedule, establishes that the post-8:00 a.m. start time was a condition of her employment or part of an employment agreement. However, Leitner cites no authority for the proposition that historical practice necessarily establishes a condition of employment or an agreement. Further, Leitner does not point to any other evidence that a post-8:00 a.m. start time was a condition of her employment or part of her employment agreement. Accordingly, we agree with the Commission that Leitner failed to establish that a post-8:00 a.m. start time was a condition of her employment or part of her employment agreement.

¶11    We turn to Leitner's third argument. As noted, this argument is based on the statutory exception in WIS. STAT. § 108.04(7)(cg). The exception applies when an employee terminates employment "because of the verified illness or disability of a member of his or her immediate family and the verified illness or disability reasonably necessitates the care of the family member for a period of time that is longer than the employer is willing to grant leave." *See* § 108.04(7)(cg).

---

[3] Leitner provides copies of the previous Commission decisions in her appendix. The decisions are *Christensen v. Chas Levy Co LLC*, No. 01606651RC (LIRC, Dec. 5, 2001), and *Holzem v. Omni Med Transcription Inc*, No. 96608110WK (LIRC, Feb. 13, 1998).

¶12    Leitner argues that the period of leave she needed to care for her mother was longer than the four hours per day that her employer was willing to allow.  We reject this argument as contrary to the Commission's fact finding.

¶13    In finding that Leitner needed no more than four hours of leave per day to care for her mother, the Commission relied on a physician's written report. The report authorized up to four hours of leave per day.  Leitner asserts that her testimony showed that she needed more than four hours.  It is apparent, however, that the Commission placed greater weight on the physician's report, or that it did not credit Leitner's testimony.  The weight and credibility of the evidence was for the Commission, not this court, to decide.  *See **Ide v. LIRC***, 224 Wis. 2d 159, 165, 589 N.W.2d 363 (1999).[4]

¶14    Leitner contends that the Commission erred as a matter of law by adding requirements to the statutory exception in WIS. STAT. § 108.04(7)(cg). According to Leitner, the Commission added each of the following requirements: (1) that Leitner submit expert medical evidence on a particular form to substantiate her claim that she needed more than four hours of leave per day to care for her mother; (2) that Leitner submit expert medical evidence that she needed to quit her employment to care for her mother; and (3) that Leitner show that her employer threatened her with discharge or discipline for absences exceeding four hours per

---

[4] In her reply brief, Leitner appears to argue that, under ***Gehin v. Wisconsin Group Insurance Board***, 2005 WI 16, 278 Wis. 2d 111, 692 N.W.2d 572, the physician's written report was not substantial evidence upon which the Commission could base a factual finding.  We do not address this argument because Leitner neither raised it in her appellant's brief nor developed it in her reply brief.  *See **Swartwout v. Bilsie***, 100 Wis. 2d 342, 346 n.2, 302 N.W.2d 508 (Ct. App. 1981) ("We will not, as a general rule, consider issues raised by appellants for the first time in a reply brief."); ***State v. Pettit***, 171 Wis. 2d 627, 646-47, 492 N.W.2d 633 (Ct. App. 1992) (we need not consider inadequately developed arguments).

day. We disagree with Leitner that the Commission added any of these requirements to the statute.

¶15 First, the Commission did not require Leitner to submit expert medical evidence, let alone on a particular form. Rather, the Commission applied the existing statutory requirements to the evidence before it, which in this case included expert medical evidence.

¶16 Next, the Commission did not state that the statute required Leitner to submit expert medical evidence that she needed to quit. Rather, the Commission simply noted as part of its factual findings that Leitner's mother's physician had not advised Leitner to quit.

¶17 Finally, the Commission did not suggest that the statute required a threat of discharge or discipline. Rather, as we read the Commission's decision, when it referred to the lack of a threat, it was making the more limited observation that a threat of discipline would have demonstrated that Leitner's employer was unwilling to grant more than four hours of leave per day. The Commission's decision did not depend on whether Leitner's employer was unwilling to grant leave longer than four hours per day. Either way, Leitner's claim fails because she failed to prove that more than four hours per day was reasonably necessary.

¶18 In sum, for the reasons stated above, we affirm the circuit court's order upholding the Commission's decision that denied Leitner immediate unemployment benefits.

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.