AMERICAN MANUFACTURERS MUTUAL INSURANCE COM-
PANY and Walgreen Company, Plaintiffs-
Appellants,

v.

Ann HERNANDEZ and Labor & Industry Review
Commission, Defendants-Respondents.

Court of Appeals

No. 01–1519. *Submitted on briefs January 10, 2002.—Decided
February 13, 2002.*

2002 WI App 76

(Also reported in 642 N.W.2d 584.)

On behalf of the plaintiffs-appellants, the cause was submitted on the briefs of *Cori Lynn Prahl* and *Michelle M. Stoeck* of *Hills Legal Group, LTD.*, of Waukesha.

On behalf of the defendant-respondent, Ann Hernandez, the cause was submitted on the brief of *Kelin R. Olson, Sr.* of *Daniel P. Kondos, S.C., Law Offices* of Milwaukee. On behalf of the defendant-respondent, Labor and Industry Review Commission, the cause was

submitted on the brief of *James E. Doyle*, attorney general, and *Jerome S. Schmidt*, assistant attorney general.

Before Nettesheim, P.J., Brown and Snyder, JJ.

¶ 1. NETTESHEIM, P.J. Walgreen Company and its insurer, American Manufacturers Mutual Insurance Company (hereinafter referred to together as American) appeal from a circuit court order affirming a decision of the Labor and Industry Review Commission (LIRC). LIRC found that Ann Hernandez, a Walgreens' employee, suffered injuries compensable under the worker's compensation statutes. Hernandez's injuries at issue in this appeal were the result of an automobile accident that occurred while she was en route to her physician's office for a final examination of an earlier undisputed work-related injury. LIRC determined that at the time of the accident, Hernandez was performing a service growing out of and incidental to her employment pursuant to Wis. Stat. § 102.03(1)(c) (1999–2000)[1] and that the accident causing the injury arose out of her employment at Walgreens pursuant to § 102.03(1)(e).

¶ 2. We conclude that LIRC's decision is entitled to due weight deference on appeal. We further conclude that LIRC's interpretation of the statute in question, Wis. Stat. § 102.03(1)(c)1 and (1)(e), is reasonable, absent a more reasonable interpretation. We therefore uphold LIRC's decision and affirm the trial court's order.

---

[1] All references to the Wisconsin Statutes are to the 1999–2000 version.

## BACKGROUND

¶ 3. The facts pertaining to this appeal as found by LIRC are as follows. Hernandez suffered a conceded work injury while working at Walgreens on November 14, 1997, when a door closed on her right thumb. She was treated by Dr. Andreas Doermann until February 9, 1998, at which time Dr. Doermann informed Hernandez that the healing was going well. Hernandez did not believe that she needed to return to see Dr. Doermann. However, in April or May of 1998, Hernandez received a message from Dr. Doermann's office informing her that Walgreens' worker's compensation insurer wanted him to perform a final evaluation of her injury. Hernandez scheduled an appointment for July 14, 1998.

¶ 4. On the day of the scheduled appointment, Hernandez worked at Walgreens. She then went home and changed clothes in preparation for the appointment. On the way to her appointment, Hernandez was involved in an automobile accident and sustained serious injuries.

¶ 5. Hernandez filed a hearing application on November 15, 1999, seeking temporary total disability compensation from July 14, 1998, to the date of filing. On December 29, 1999, American filed a response, contending that Hernandez's injuries were not covered by the worker's compensation law.[2]

¶ 6. A hearing was held before an administrative law judge (ALJ) on February 16, 2000. On April 17, 2000, the ALJ issued a written decision finding that Hernandez's July 14, 1998 injury was a "direct and

---

[2] American also disputed the nature and extent of Hernandez's claimed disability.

natural result" of her prior compensable November 14, 1997 injury and was "compensable based on the November 14, 1997 injury."

¶ 7. American subsequently petitioned for LIRC review of the ALJ's findings and interlocutory order. In its brief in support of its petition, American conceded that it had requested a final evaluation but argued that Walgreens had not required that Hernandez attend the appointment. Hence, American challenged the ALJ's decision that Hernandez's injury was compensable under WIS. STAT. § 102.03(1)(e). In its decision, LIRC set aside the ALJ's findings but affirmed its ultimate decision regarding compensability.

¶ 8. American appealed LIRC's decision to the circuit court. On April 7, 2001, the circuit court issued a written decision upholding LIRC's determination. Affording great weight deference to LIRC's decision, the court stated, "LIRC's findings of fact are supported by substantial and credible evidence, and . . . its interpretation of WIS. STAT. § 102.03 is reasonable." The circuit court entered its order affirming LIRC's decision on May 1, 2001.

¶ 9. American appeals.

## DISCUSSION

### Standard of Review

¶ 10. As a threshold issue, we address the parties' arguments as to the appropriate standard of review to be applied to LIRC's determination. Not surprisingly, American argues that LIRC's determination is not entitled to great weight deference, but rather is subject to de novo review. Hernandez argues that we should

afford, at a minimum, due deference to the LIRC ruling. We conclude that due deference is appropriate in this case.

¶ 11. In an appeal following an administrative agency decision, we review the decision of the agency, not that of the circuit court. *Zignego Co. v. DOR*, 211 Wis. 2d 819, 824, 565 N.W.2d 590 (Ct. App. 1997).[3] We do not weigh the evidence or pass upon the credibility of the witnesses, and we will uphold LIRC's findings of fact on appeal if they are supported by credible and substantial evidence in the record. *Langhus v. LIRC*, 206 Wis. 2d 494, 501, 557 N.W.2d 450 (Ct. App. 1996); WIS. STAT. § 102.23(6). When we review an administrative agency's interpretation of a statute, there are three possible levels of deference: great weight, due weight or de novo. *Secor v. LIRC*, 2000 WI App 11, ¶¶ 9–10 n.1, 232 Wis. 2d 519, 606 N.W.2d 175.

¶ 12. When we afford "great weight" deference to the agency's interpretation, we will sustain a reasonable agency conclusion even if an alternative conclusion is more reasonable. *Zignego*, 211 Wis. 2d at 823. We give "great weight" deference to the agency's interpretation when all of the following conditions are met: (1) the agency was charged by the legislature with the duty of administering the statute, (2) the interpretation of the agency is one of long-standing, (3) the agency employed

---

[3] In arguing against a "great weight" standard of review, American challenges the circuit court's reliance on *CBS, Inc. v. LIRC*, 219 Wis. 2d 564, 579 N.W.2d 668 (1998), in applying that standard. We agree with American that this case is not comparable to *CBS*. But that does not require that we reverse because we review LIRC's determination, not that of the circuit court.

its expertise or specialized knowledge in forming the interpretation, and (4) the agency's interpretation will provide uniformity and consistency in the application of the statute. *Id.*

¶ 13. In affording "due weight" deference to the agency's interpretation, we will not overturn a reasonable agency decision that comports with the purpose of the statute unless we determine that there is a more reasonable interpretation available. *Id.* at 823–24. We afford "due weight" deference to the agency's determination when it has some experience in an area, but has not developed the expertise that necessarily places it in a better position than a court to make judgments regarding the interpretation of the statute. *Id.* at 823.

¶ 14. When we review an agency decision "de novo," we give no deference to the agency's interpretation. *See Brauneis v. State*, 2000 WI 69, ¶ 18, 236 Wis. 2d 27, 612 N.W.2d 635. De novo review is appropriate if any of the following is true: (1) the issue before the agency is clearly one of first impression, (2) a legal question is presented and there is no evidence of any special agency expertise or experience, or (3) the agency's position on an issue has been so inconsistent that it provides no real guidance. *Id.*

¶ 15. American concedes that LIRC has had experience interpreting worker's compensation laws and even the particular language of Wis. Stat. § 102.03(1)(c)1 and (1)(e). However, American argues that de novo review is appropriate because LIRC has never been faced with the precise issue in this case— whether an employee was performing services related to the employment when involved in an accident on the

way to a medical appointment relating to the status of a prior compensable work injury. However, the commission need not have decided a case with identical or similar facts in order for its decision to be given great weight deference. *Honthaners Rests., Inc. v. LIRC*, 2000 WI App 273, ¶ 12, 240 Wis. 2d 234, 621 N.W.2d 660. If that is the law as to "great deference," it surely is the law as to "due deference."

¶ 16. In applying deference to LIRC's determination, the correct test under Wisconsin law is whether LIRC has experience in interpreting a particular statutory scheme, not whether it has ruled on precise, or even substantially similar, facts before. *Id.* American concedes that LIRC has experience interpreting the applicable statutes; we reject its contention that de novo review is appropriate in this case due to the facts presented.

¶ 17. Instead, we are satisfied that due deference is appropriate. The issue presented is one of first impression. Although LIRC has experience interpreting the statutes in question, the legal question presented is nevertheless novel and LIRC has not developed an expertise as to the "second injury" issue presented in this case. Applying due deference, we will not overturn LIRC's decision if it is reasonable and comports with the purpose of the statute unless we determine that there is a more reasonable interpretation available. *Zignego*, 211 Wis. 2d at 823–24.

*The Application of Wis. Stat. § 102.03(1)(c)1 and (1)(e)*

¶ 18. The parties agree that whether Hernandez is entitled to compensation for her July 14 injury turns

165

on the application of WIS. STAT. § 102.03(1)(c)1 and (1)(e). The relevant provisions of § 102.03 which govern the conditions of liability for worker's compensation provide as follows:

> **(1)** Liability under this chapter shall exist against an employer only where the following conditions concur:
>
> . . . .
>
> (c)1. Where, at the time of the injury, the employee is performing service growing out of and incidental to his or her employment.
>
> . . . .
>
> (e) Where the accident or disease causing injury arises out of the employee's employment.

Applying § 102.03(1)(c)1 and (1)(e) to the facts of this case, LIRC determined that Hernandez was entitled to benefits. LIRC set forth its reasoning in its written decision:

> It was an obligation of the applicant's employment, as well as the circumstances of that employment which caused the applicant to be in her car and on her way to see Dr. Doermann when she was injured by an outside force on July 14, 1998. The applicant had no intention of returning to Dr. Doermann for additional treatment or evaluation relative to her work injury of November 14, 1997. However, the employer's worker's compensation insurer requested a medical evaluation from Dr. Doermann, which was the reason for the applicant's trip to his office on July 14, 1998. It is a reasonable inference from these facts that the applicant was obligated to return to Dr. Doermann as a duty incidental to her employment. She was aware of the insurance relationship between the employer and its worker's

compensation insurer, and of the fact that the requested evaluation was needed to satisfy the employer's insurer. It was clearly the circumstance of the November 1997 work injury which led to the appointment with Dr. Doermann. Thus, the July 1998 injury arose out of the applicant's employment with the employer.

¶ 19. American challenges LIRC's decision, arguing that it misconstrues WIS. STAT. § 102.03(1)(c)1 and (1)(e).[4]

¶ 20. At the outset, we note that intertwined with American's argument on the above issues are challenges to LIRC's findings of fact. However, it is not our function on appeal to weigh the evidence or pass upon the credibility of the witnesses and we will uphold LIRC's findings of fact on appeal if they are supported by credible and substantial evidence in the record. *Langhus*, 206 Wis. 2d at 501; WIS. STAT. § 102.23(6). We will only set aside an agency's decision where, upon an examination of the entire record, the evidence, *including the inferences therefrom,* is found to be such that a reasonable person, acting reasonably, could not have reached the decision from the evidence and its inferences. *Wal-Mart Stores, Inc. v. LIRC*, 2000 WI App 272,

---

[4] We note that American additionally argues that LIRC's decision is contrary to Wisconsin law. In support of its argument, American cites to two Wisconsin cases, *Western Lime & Cement Co. v. Industrial Commission*, 194 Wis. 606, 217 N.W. 303 (1928), and *Burton v. DILHR*, 43 Wis. 2d 218, 168 N.W.2d 196, *modified,* 43 Wis. 2d 218, 170 N.W.2d 695 (1969). However, American offers no specific citation from these cases and does not develop its argument as to their application to the case at bar. Nevertheless, we have reviewed these cases and reject American's argument that LIRC's decision runs contrary to their holdings.

¶ 10, 240 Wis. 2d 209, 621 N.W.2d 633, *review denied*, 2001 WI 15, 241 Wis. 2d 210, 626 N.W.2d 808 (Wis. Feb. 7, 2001) (No. 99–2632).

¶ 21.　Specifically, American contends "there is no evidence that either American Manufacturers or Walgreens required the final evaluation." However, the transcript from the ALJ hearing reflects Hernandez's testimony that Dr. Doermann had informed her that the final assessment was at the request of Walgreens' worker's compensation insurer and that had she not received that phone call, she would not have gone back to Dr. Doermann for any reason.[5] When there is credible evidence in the record to support LIRC's findings of fact and resulting inferences, as there is here, we will uphold them. *See id.*

¶ 22.　That said, we turn to American's contention that LIRC's decision misconstrued Wis. Stat. § 102.03(1)(c)1 and (1)(e). With respect to § 102.03(1)(c)1, American argues that the evaluation was not a duty of Hernandez's employment, nor was it required by worker's compensation laws. In so arguing, American relies upon evidence that was not presented and facts not found by LIRC (i.e., Walgreens did not have any input or control over the evaluation and whether Hernandez sought the final evaluation would not have impacted her employment at Walgreens). In fact, American's argument depends in large part on our acceptance of its assertion that neither American nor Walgreens required the final evaluation. Again, this runs contrary to LIRC's finding based on Hernandez's

---

[5] *Although not evidence, we note that in its brief in support of its petition for LIRC review, American acknowledged that it had requested a final evaluation. The further proceedings before LIRC did nothing to dispel this representation. We conclude that LIRC was entitled to rely on this representation.*

testimony that American requested Hernandez's final evaluation with Dr. Doermann.

¶ 23. WISCONSIN STAT. § 102.03(1)(c)1 contains the phrase "performing service growing out of and incidental to his or her employment" which refers to the "time, place and circumstances" under which the injury occurred. *Weiss v. City of Milwaukee*, 208 Wis. 2d 95, 104–05, 559 N.W.2d 588 (1997) (citation omitted). It includes activity that is reasonably required by the terms and conditions of the employment. *Employers Mut. Liab. Ins. Co. v. DILHR*, 52 Wis. 2d 515, 521, 190 N.W.2d 907 (1971).

¶ 24. LIRC found that Hernandez would not have been in her vehicle on July 14 were it not for the request of American, acting as Walgreens' worker's compensation insurer, that Dr. Doermann schedule a final assessment with her. Having found that Hernandez responded to this request, LIRC's inference and determination that Hernandez's trip to the doctor was required by the terms of her employment is eminently reasonable.

¶ 25. American additionally contends that Hernandez's injury did not "arise out of" her employment at Walgreens and therefore WIS. STAT. § 102.03(1)(e) does not apply. The phrase "arising out of" employment refers to the causal origin of the injury. *Ide v. LIRC*, 224 Wis. 2d 159, 171–72, 589 N.W.2d 363 (1999). In interpreting § 102.03(1)(e), Wisconsin courts apply the "positional risk" doctrine, which provides as follows:

> [A]ll that is required is that the obligations or conditions of employment create the zone of special danger

out of which the injury arose. In other words, there is a causal connection between the employment and the injury where the employee is obligated by his employment to be present at the place where he encounters injury through the instrumentality of a third person or an outside force.

*Ide*, 224 Wis. 2d at 172 (citations omitted).

■

¶ 26. Here, LIRC found that American requested that Hernandez schedule an appointment with Dr. Doermann and that Hernandez would not have done so absent that request. The record supports those findings. Based on its findings, LIRC drew the reasonable inference that were it not due to an obligation of her employment at Walgreens, Hernandez would not have returned to Dr. Doermann's office for an appointment and would not have suffered additional injury.[6] As such,

---

[6] In further support of her argument, Hernandez relies on the general rule of compensation followed in a majority of jurisdictions. In considering specifically whether an accident arose out of an individual's employment, the general rule provides for compensation "[w]hen an employee suffers additional injuries because of an accident in the course of a journey to a doctor's office occasioned by a compensable injury." 1 ARTHUR LARSON & LEX K. LARSON, LARSON'S WORKERS' COMPENSATION LAW § 10.07 (2001). "[A] fall or automobile accident during a trip to the doctor's office has usually been considered sufficiently causally related to the employment by the mere fact that a work-connected injury was the cause of the journey, without any necessity for showing that the first injury in some way contributed to the fall or accident." *Id*. Stated differently, but to the same effect, Hernandez's additional injuries would be compensable under this rule without further linkage to her initial injury.

However, we need not go the lengths of the majority rule to sustain the LIRC determination. Here, LIRC has determined

170

LIRC reasonably determined that Hernandez's additional injuries are compensable pursuant to Wɪs. Sᴛᴀᴛ. § 102.03(1)(e).

## *CONCLUSION*

¶ 27. We conclude that LIRC's determination that Hernandez's injuries are compensable pursuant to Wɪs. Sᴛᴀᴛ. § 102.03(1)(c)1 and (1)(e) is the most reasonable under the facts of this case. Absent a more reasonable interpretation, we must uphold LIRC's determination. *Zignego*, 211 Wis. 2d at 823–24. We therefore affirm the trial court's order.

*By the Court.*—Order affirmed.

that Hernandez's additional injury was occasioned *by American's request for a final evaluation of Herdandez's injury.* Although there may be little semantic difference between American's request for the further evaluation and Hernandez's prior compensable injury as the cause of the later injuries, it remains that LIRC factually determined that American's request caused the subsequent injury. Apart from the general rule, this finding supports LIRC's conclusion that Hernandez satisfied the requirements of Wɪs. Sᴛᴀᴛ. § 102.03(1)(c)1 and (1)(e).